TAMPA WATER WORKS COMPANY, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *ex rel.* CITY OF TAMPA, *Defendant in Error.*

## Opinion filed May 21, 1919.

1. In mandamus the petitioner must receive all or none of the relief that he demands. There must be a strict and full compliance with the requirements of the writ and not merely a partial or substantial compliance therewith.

2. It is a well settled rule that an application rof mandamus must be made in proper time; i. e., it must not be delayed too long.

3. While mandamus is classed as a legal remedy, it is a remedial pocess which is awarded, not as a matter of right, but in the exercise of a sound judicial discretion and upon equitable principles. It is an extraordinary remedy, which will not be allowed in cases of doubtful right, and it is generally regarded as not embraced within statutes of limitation applicable to ordinary actions, but as subject to the equitable doctrine of laches.

4. For the purpose of fixing just and reasonable rates, a city may by ordinance require a public service corporation to make reports showing its receipts and expenditurs, but mandamus will not be awarded when there has been a nunreasonable delay in attempting to enforce compliance with the ordinance.

A Writ of Error to the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment reversed·

*Sparkman & Sparkman,* for Plaintiff in Error.

*John P. Wall,* for Defendant in Error.

BROWNE, C. J.—This is a mandamus proceeding brought by the City of Tampa to require the Tampa Water Works Company to comply with the provisions of Ordinance No. 474 of the City of Tampa.

A demurrer to the alternative writ was overruled and the respondent filed its answer. This was demurred to by petitioner who also moved to strike certain portions of the answer and the court sustained the demurrer and granted the motion to strike. An amended answer was filed. which went out on demurrer and motion to strike. Upon these rulings the assignments of error are based.

The ordinance which the City of Tampa seeks to require the water works to comply with, was passed on the 31st of December, 1907. Under its provisions every individual, company or corporation authorized by the City of Tampa to supply water to the city and the inhabitants thereof, was "required on or before the first day of February of each and every year to furnish the City of Tampa, and file with the City Clerk, a detailed statement, certified by the oath of the President and Secretary of such corporation or company, or of such person, as the case may be, showing the names of each water rate payer, on the first day of January of each and every year, his or her place of residence, and the amount paid for and an itemized statement of expenditures made for supplying water during the year preceding the first day of January of each and every year." Whatever rights the City of Tampa had under the ordinance, existed and were effective on the first day of February, 1908, and there is nothing in the record to show that the city ever demanded compliance with the terms of the ordinance, but for ten years remained silent and took no steps to enforce the

provisions of the ordinance until this proceeding was instituted in May, 1917.

The ordinance passed December 31, 1907, contained a preamble to the effect that in order to fix reasonable rates, it was necessary for the city to know the receipts and expenditures of the water company.

We can see how it might be necessary for the city to have the information that the ordinance required the water works companies to furnish for a period of one year, prior to fixing the rates by the city, and that is what was contemplated by the ordinance.

The respondent sets up in its answer to the writ that it is not within its power to furnish the entire statement as directed in the alternative writ, because during the period of time that has elapsed since the passage of the ordinance and institution of the suit for mandamus, many of their bills and memoranda of accounts which it would be necessary for the respondent to consult and examine in order to comply with the requireemnts of the writ have been destroyed as not being of any service or use in keeping the accounts of the respondent, or preparing and meeting the obligations and duties of the company.

The answer also sets up that since the passage of the ordinance the city has not requested or required the respondent to furnish the statement until early in the year of 1917, and that the city in delaying for so long a time has by its laches waived compliance with the terms of the ordinance.

If the city is guilty of laches it is unnecessary for us to discuss the validity of the ordinance or the constitutional questions presented by the assignments of error.

The defendant in error seems to recognize the weight of the allegation in the respondent's answer, that on account of the long time that has elapsed between the passage of the ordinance and the institution of this suit it is not in a condition to comply with the requirements of the writ, and seeks to avoid it by the statement in its brief that all it contends for is a reasonable interpretation of the ordinance, and that a substantial compliance with the command of the writ is all that is all that is expected.

In mandamus the petitioner must receive all or none, of the relief it demands. There must be a strict and full compliance with the requirements of the writ and not a partial or substantial compliance therewith. While a city may require a public service corporation to furnish it each year with information that it needs to fix just and reasonable rates, it has no right to wait an indefinite period, until circumstances have arisen or conditions so changed that the public service corporation would not be in a position to comply with the requirements of the writ.

This Court in the case of Pippin v. State *ex rel.* Town of Blountstown, 73 Fla. 363, 74 South· Rep. 653, discussed the question of the application of the doctrine of laches in mandamus proceedings and said, "It is a well settled rule that an application for mandamus 'must be made in proper time; *i. e.,* it must not be delayed too long.'" Short on Mandamus, 227.

"The Court will refuse mandamus where there has been unreasonable delay in applying for it." Id. 250.

In a recent case the Supreme Court of the United States said, "This Court has lately said that while mandamus is classed as a legal remedy, it is a remedial process which is awarded, not as a matter of right, but in the

exercise of a sound judicial discretion and upon equitable principles. Duncan Townsite v. Lane, 245 U. S. 308, 62 L. Ed. 309, 38 Sup. Ct. Rep. 99. It is an extraordinary remedy, which will not be allowed in cases of doubtful right. (Life & Fire Ins. Co. of New York v. Wilson, Pet. (U. S.) 291, text 302, 8 L. Ed. 949, text 953, and it is generally regarded as not embraced within statutes of limitations applicable to ordinary actions, but as subject to the equitable doctrine of laches." United States *ex rel.* Arant v. Lane, Advance Opinions, Supreme Court of the United States, No. 12,345, May, 1919·

The answer asserts that the "respondent has not been accustomed to keep nor has it kept, in every instance, the name of the water rate payer as it has not been practicable for it to do so in a large number of instances; neither has respondent found it practicable to keep the addresses or places of residence of all of the rate payers, nor has it undertaken to do so. In a great many instances such rate payers reside outside of the State of Florida and their addresses have been and are still unknown to respondent. Respondent further says that it is not practicable to give an itemized statement of expenditures for in order to do this, respondent would have to consult thousands of bills and memoranda of accounts, many of which have been destroyed as not being of any service or use in keeping the accounts of respondent or in preparing and meeting the oglagtions and duties of the campany."

This Court is not without knowledge that the population of the City of Tampa has increased very greatly in the last ten years, and that like other cities in Florida where people come to spend the winter, the personnel of the population fluctuates, and that while the company might have furnished the information demanded by the

writ of mandamus for a period of a year, that the long delay on the part of the city to enforce whatever rights it had under the ordinance must necessarily have brought about conditions that would make it almost impossible for the water works company to comply with the requirements of the writ.

We think that a delay of ten years before making any effort to enforce the provisions of the ordinance was unreasonable, and the city has been guilty of laches. The application for the peremptory writ should therefore have been denied.

The judgment is reversed.

TAYLOR, WHITEIFLD, ELLIS AND WEST, JJ., concur.