THE STATE OF FLORIDA EX REL. T. L. GANT, *Plaintiff in Error*, v. LEONARD S. GILMORE, ET AL., AS BOARD OF COUNTY COMMISSIONERS OF ESCAMBIA COUNTY, FLORIDA, AND JAMES MACGIBBON, CLERK, AND LANGLEY BELL, DEPUTY CLERK OF SAID BOARD, *Defendants in Error*.

Opinion Filed March 2, 1923.

Petition for Rehearing Denied March 12, 1923.

Where the statutes do not clearly require all commissions of county bond trustees to be paid from the general county

treasury, a writ of mandamus commanding the county commissioners to levy a tax to cover such commissions is properly denied. Nor should the writ be issued commanding such commissions to be paid from the county bond fund, when on the allegation it does not appear that under Sections 1 and 4 of Chapter 8553, Acts of 1921, the commissions should be paid from the county bond fund.

A Writ of Error to the Court of Record for Escambia County; C. Moreno Jones, Judge.

Affirmed.

*F. W. Marsh*, for Plaintiff in Error;

*R. Rope Reese*, for Defendants in Error.

WHITFIELD, J.—The Judge of the Court of Record for Escambia County denied and dismissed a petition for an alternative writ of mandamus and denied a motion to revoke such dismissal and to restore the cause to the docket for the purpose of allowing an amendment of the petition, and the relator took writ of error.

The petition in substance alleges that the relator is one of the trustees of public road bonds issued by Escambia County; that as such trustee he is entitled to $1,731.91 as compensation due to him under the law, as commissions on bond proceeds received by the trustees; that the county commissioners and clerk of the Circuit Court refused to issue a warrant for the amount due the relator, the county commissioners being of opinion that the compensation to trustees is payable from the proceeds of the sale of the bonds issued by the county and held by the trustees of such bonds, while the clerk of the Circuit Court is of the opinion that the compensation of bond trustees is payable

from the general funds of the county derived from general taxation; "that all warrants are issued and valid only when signed by the chairman and clerk, or deputy clerk of said board and said signatures are refused and withheld from the warrant which relator has demanded, and which is now due and payable, by reason of the said difference of opinion as to the fund from which payable; that there is no fund now in the county treasury otherwise than the proceeds of the sale of said road bonds which could be used or is available for the payment of relator's claim. That the Board of County Commissioners are now determining and settling the budget, and fixing the millage and assessment for the year 1922, and by law may continue to consider and fix same up to the 30th day of September, A. D. 1922. Relator has requested and demanded that they either pay him by warrant on the road bond fund aforesaid, or that they levy a millage tax for the year 1922, upon property in said county subject to general taxation, and that they levy sufficient taxes for the general fund, so that the just claim aforesaid, of the bond trustees may, in some manner, be paid. But the said Board of County Commissioners refused and still refuse to levy said tax to provide any other manner of paying said claim.

"Wherefore, relator having no other remedy in law, prays this Honorable Court to grant an alternative writ of mandamus therein and thereby commanding the said Leonard S. Gilmore as chairman, and H. E. Gandy, T. T. Wentworth, Jr., Gus Soderlind and Jefferson M. Herrington as members, and James Macgibbon as clerk and Langley Bell as deputy clerk of the Board of County Commissioners of Escambia County, Florida, to issue and deliver to relator a proper warrant, duly vouchered and signed, for the amount of his compensation as trustee of county bonds aforesaid in, to-wit: the sum of $1,731.91, drawn

on the funds now on deposit, being a part of the proceeds of the sale of county road bonds, or to show cause before this Honorable Court on a day and hour to be fixed, why they should not do so, and in the event the court should hold, on hearing of said matter, that relator's compensation as trustee, is not payable out of said fund, then that this Honorable Court will grant to relator the writ of mandamus, therein and thereby requiring respondents aforesaid, except James Macgibbon and Langley Bell, as such board of County Commissioners to budget, assess and levy a tax for the year A. D. 1922, upon all property subject to taxation in Escambia County, Florida, for the purpose of and sufficient to pay the just claim of the said trustees of county bonds for the said road bonds of said county, and to further grant to relator such order or orders as may, from time to time be necessary or expedient to carry into effect the said writ of mandamus herein prayed for, and relator will ever pray, etc."

Section 1549, Revised General Statutes of 1920, provides that: "The said trustees shall have such compensation for their services as follows: for receiving the first ten thousand dollars, one and one-half per cent.; for all over ten thousand dollars, one-half of one per cent.; for disbursements, the same as allowed for receiving, to be paid out of the county treasury."

Sections 1 and 4 of Chapter 8553, Acts of 1921, apparently have some bearing on the compensation of county bond trustees where the proceeds from the sale of county bonds for public road construction are turned over to the State Road Department.

It is not alleged when the county bonds were issued or whether the proceeds are being used by the county in constructing public roads or have been turned over to the

State Road Department under Chapter 8553. It is not entirely clear that without further legislation, the provision of Section 1549, Revised General Statutes of 1920, that the commissions due to county bond trustees are "to be paid out of the county treasury," authorizes the courts by mandamus to compel a tax levy by the county commissioners to provide a fund for paying such commissions; and as it is alleged that the county has no funds from which to pay the commissions claimed except "the proceeds of the sale of county road bonds," and it is not shown when the bonds were issued or whether the proceeds are held by the county or have been turned over to the State Road Department under Chapter 8553, Laws of 1921, the relator has not shown a clear legal right to the relief prayed.

This is a matter that merits consideration by the legislative department of the State government.

Affirmed.

TAYLOR, C. J., AND ELLIS, BROWNE AND WEST, J. J., concur.

## On Petition for Rehearing.

PER CURIAM.—In the amended petition for mandamus it is alleged that the bonds referred to had been sold by the County Commissioners for a stated amount and that the county bond trustees "now hold said sum in trust, pending the letting of contracts under the authority of said Board of County Commissioners for the construction of paved roads in said county, and said fund is not in whole or part yet expended or disbursed;" but under Chapter 8553 the proceeds may be turned over to the

State Road Department in which event the compensation of the county bond trustees will be controlled by applicable provisions of Sections 1 and 4 of Chapter 8553.   In any event the provision of Section 1549, Revised General Statutes, 1920, that the compensation of the county bond trustees therein stated is "to be paid out of the county treasury," does not warrant the issuing of a writ of mandamus commanding the county commissioners to "assess and levy a tax   *   for the purpose of, and sufficient in amount, to pay the just claim of said trustees of county bonds" as prayed in the amended petition.

Rehearing denied.

All concur.