Strum, J.
 

 Relators seek a writ of mandamus requiring the respondent, as State Comptroller, to remit to Hills-borough County certain sums of money representing a proportionate part of the interest on tax sale certificates issued
 
 *1336
 
 in Hillsborough County, formerly held by the State, which have been redeemed or sold.
 

 Sec. 1004, Comp. Gen. Laws 1927, requires the several clerks of the circuit court to keep a record of every sale or redemption of tax sale certificates made .through them, showing amongst other things the amount received for the face value of the certificate, and, separately, the interest. The clerk is required to report and pay these funds to the Comptroller monthly, or oftener if required, such report to show separately the amounts received for the face of the certificate and for interest.
 

 The Comptroller is required to “remit to the proper officers the amounts due the State and County and sub-districts, respectively. ’ ’
 

 The alternative writ, following the petition, alleges that certain sums have been remitted to the Comptroller by the clerk of the circuit court of Hillsborough county for tax certificates formerly held by the State, which were redeemed or sold in October, 1929, in which sums is included both amounts representing the face of such certificates and also interest thereon; that the Comptroller is willing to remit to the county its proportionate share of the face or principal of such certificates, but declines to remit a proportionate part of the interest. It appears that it is the Comptroller’s construction of the statute above mentioned that the State is entitled to all interest so received by him, and that a proportionate part of the principal only, or of the face of the certificate, should be remitted to the counties or subdistricts.
 

 At the outset we are confronted with the failure of the alternative writ to sufficiently allege that the Comptroller could comply with the command of the peremptory writ, if issued. Though the objection is not specifically urged by the Comptroller, the grounds of his demurrer to the alterna
 
 *1337
 
 tive writ specifically present the question, and it is one the court can not ignore.
 

 The statute requires the Comptroller to remit to the proper officers the amounts <iue the State, counties and sub-districts, respectively. As to the amounts to which the State is entitled, the proper officer would be the State Treasurer. “No money shall be drawn from the Treasury except in pursuance of appropriations made by law. ’ ’ Constitution, Art. 9, Sec. 4. ‘ ‘ The Treasurer shall receive and keep all funds * * * in such manner as may be prescribed by law, and shall disburse no funds, * * * except upon the order of the Comptroller, countersigned by the Governor, in such manner as shall be prescribed by law.” Constitution, Art. IV, Sec. 24.
 

 The alternative writ concedes that it is the existing practice of the Comptroller not to remit counties any interest on such redeemed or sold tax sale certificates. In the absence of other allegations, it does not appear but that the Comptroller has paid over to the State, as money to which the State was entitled under the statute, the funds here sought. That disposition thereof is at least not negatived by the petition. If the funds have reached the State Treasury they may be withdrawn only pursuant to an appropriation, and upon an order of the Comptroller countersigned by the Governor. The Comptroller’s return clearly alleges a long existing custom and practice, pursuant to departmental construction of the statute, to pay over to the general revenue fund all interest and penalties received by the Comptroller from the cancellation of tax sale certificates.
 

 Mandamus is an extraordinary remedy. The peremptory writ will not issue in cases of doubtful right, but only when it appears that the relator has a clear legal right to the performance of the act sought, and that the respondent
 
 *1338
 
 has the ability, and that it is his legal duty, to perform the act. State v. Gray, 92 Fla. 1123; 111 So. R. 242; Tampa Waterworks v. State, 77 Fla. 705; 82 So. R. 230. Where the allegations are equally consistent with a rightful or wrongful refusal of respondent to act, the writ will not issue. Scott v. State, 43 Fla. 396, 31 So. R. 244.
 

 When a.writ of mandamus is sought to compel the comptroller to disburse moneys, his ability as well as his duty to comply with the command of a peremptory writ, and also relator’s right to have the duty performed, must clearly appear. Silvers v. State, 68 Fla. 368, 67 So. R. 143; State v. Gilmore, 85 Fla. 282, 95 So. R. 575. The requirement is not met in the absence of a clear showing that the funds sought are in the hands or under the control of the -Comptroller in such manner that he has the authority and ability to disburse them. That vital element of relators’ right to the writ can not be left to inference or conjecture. In view of the statutory requirement that the amounts to which the State is entitled shall be reknitted to the proper officers thereof, respondent’s ability to perform the command of the writ does not clearly appear in the absence of an affirmative allegation that the funds sought have not been remitted to the Treasurer. That matter is therefore not one of defense. S. A. L. Ry. v. Allen, 82 Fla. 191, 199; 89 So. R. 555, 558.
 

 It is not an answer, with reference to the controversy before us, to say that the Comptroller should not have paid these funds into the Treasury, or that his duty and authority so to do is the point here at issue, or that the county is clearly entitled to the funds under the statute. Whether or not the Comptroller has remitted these funds to the Treasurer pursuant to the Comptroller’s existing practice in these matters does not appear. That the Comptroller has done so is not negatived by the petition. If
 
 *1339
 
 these funds are in the State Treasury, mandamus will not lie against the Comptroller to command the disbursement of funds over which he has no control, even though the Comptroller has mistakenly paid the funds to the Treasurer under a misconception of his duty under the statute. Nor could such fund be withdrawn from the Treasury except pursuant to an appropriation made by law. County Com’rs. v. City of Jacksonville, 36 Fla. 196, 227; 18 So. R. 339, 345; Board of Revenue v. City of Birmingham (Ala.), 88 So. R. 16; Farson & Son v. Bird (Ala.), 72 So. R. 550, id. 248 U. S. 268, 63 L. Ed. 233; State v. Cunninghame (Ala.), 113 So. R. 309; Nims v. State (Ala.), 61 So. R. 811. It does not appear; therefore, that the Comptroller would have the ability to comply with the peremptory writ if issued. In this state of the pleadings, the alternative writ must be, and the same is hereby quashed.
 

 Terrell, C. J., and Whitfield, Ellis, Brown and Buford, J. J., concur.