KNOTT, Treasurer of Florida, v. UNITED STATES ex rel. RORICK et al.

No. 7032.

Circuit Court of Appeals, Fifth Circuit.

Feb. 16, 1934.

[redacted]

Francis B. Carter, of Pensacola, Fla., George C. Bedell, of Jacksonville, Fla., Marvin C. McIntosh, of Tallahassee, Fla., and Thos. McE. Johnston, W. I. Evans, and Herbert S. Sawyer, all of Miami, Fla., for appellant.

W. H. Watson, S. Pasco, and C. J. Brown, all of Pensacola, Fla., for appellees.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

After the appellees, who were relators in the court below, had in that court recovered judgment in the sum of $184,348 against the board of commissioners of Everglades drainage district, the governing body of that drainage district, which was created by chapter 6456, Laws of Florida, Acts of 1913, on bonds and coupons issued by that district, they applied for and obtained an alternative writ of mandamus directed to the appellant, the treasurer of the state of Florida, as custodian of the funds belonging to that board, and commanding him "to pay over to the petitioners upon their said judgment so much of the proceeds of taxes levied and imposed by chapter 6456, Acts of 1913, Laws of Florida, and acts amendatory thereof, and so much of any other moneys in his possession belonging to the said Board or to the said Drainage District, as may be necessary to pay the said judgment of the petitioners, and in the event the said moneys in his hands are insufficient to pay the amount of the said judgment that he do pay over to the petitioners for credit on their said judgment so much of the said moneys of the said Board and the said District as he has in his custody at the time of the service of the said alternative writ of mandamus; or to appear before this Court on some day to be named in said alternative writ of mandamus and show cause, if any there be, why peremptory writ of mandamus should not issue requiring him to pay over the said moneys to the petitioners." The only allegation of the petition for an alternative writ of mandamus as to the appellant at the time that petition was filed, holding or having in his custody money or funds belonging to said board, was the following: "W. V. Knott, Treasurer of the State of Florida, as such custodian of the funds belonging to said Board of Commissioners of Everglades Drainage District and to said District, holds, as such custodian, a large sum of money, to-wit, more than Sixty Thousand Dollars, belonging to said Board and said District, which it is his duty as custodian to apply to the payment of past due bonds and coupons of said Board of Commissioners of Everglades Drainage District." By return to the petition for the alternative writ of mandamus, the appellant admitted some of its allegations, and alleged sundry facts as grounds for the denial of the prayer of that petition. In connection with allegations to the effect that sundry bonds and coupons of said Everglades drainage district, other than those upon which the relators had recovered judgment, had been issued and were in default and in full force and effect, and that such other bonds were of equal dignity with those upon which appellees recovered judgment and equally entitled to payment from all drainage taxes imposed upon lands in that district, without preference to the bonds upon which the relators recovered judgment, the appellant in paragraph 7 in his return alleged: "And that all funds now in the hands of respondent have been realized from drainage taxes, and that, therefore, respondent does not have authority to, and should not be required to, pay the bonds and coupons held by petitioners, nor the judgment obtained thereon, for that so to do would be to prefer the bonds and coupons held by petitioners over the bonds and coupons held by others." Paragraph 10 of that return alleged as follows: "Further answering, respondent says that he is informed that the sum of $68,378.86, now in his hands, as Treasurer of the State of Florida, as custodian of the funds of Board of Commissioners of Everglades Drainage District and said District, includes in substantial part, funds derived from the proceeds of the tax levied by chapter 8412, Laws of Florida, Acts of 1921, known as the one mill ad valorem maintenance tax, in which said funds neither the petitioners nor any other bondholders have any contractual right nor have the petitioners, nor any other bondholders, any equitable right to have any of said funds paid to them; that respondent does not know, and has no way of ascertaining, what part of the funds in his hands is made up of proceeds realized from said one

mill ad valorem tax for the reason that the moneys received by him in his capacity aforesaid, have not been identified as to their source, as to whether derived from said one mill ad valorem tax or from acreage taxes." The relators filed demurrers to the return as a whole and separate demurrers to separate paragraphs thereof, including paragraph 10. The demurrer to the last-mentioned paragraph assigned the following grounds:

"1. That it sets up no such matters as justify the refusal of the respondent to pay the moneys in his hands upon the judgment of the relators.

"2. That the said paragraph tenders an immaterial issue.

"3. That the said paragraph sets up no facts sufficient to bar the right of the relators to relief in mandamus.

"4. That under the law it is the duty of the respondent as custodian to apply the moneys in his hands upon the judgment of the relators upon defaulted bonds and interest coupons."

The court sustained the demurrers to the return as a whole and to the separate paragraphs, and adjudged that the alternative writ be made peremptory. The court's memorandum or opinion [1] contained the following with reference to the matters alleged in paragraph 10, which is set out above: "The allegations of the return setting up as a defense that part of the moneys in the hands of the State Treasurer may be derived from the one mill maintenance tax present no defense. It is clearly beyond the power of the relators to segregate the funds and at any rate they are under no duty to do so. If the Board and the State Treasurer do not see fit to keep the funds in his hands segregated, neither he nor they can complain when the Court requires him to obey the specific mandate of section 1560, Comp. Gen. Laws, to pay from the funds in his hands."

The act creating the Everglades drainage district levied (section 5) graduated acreage taxes, in fixed amounts, upon the lands within the district, and (section 6) specified the purposes for which the proceeds arising from those acreage taxes were to be used, those purposes including the construction and maintenance of the drainage structures and improvements provided for, the purchase of lands and personal property by the board deemed necessary to carry out the purposes of the act, the expenses of the board in the conduct of said work and its business generally, the repayment of loans and the interest thereon, and the creation of a sinking fund for the retirement of the principal of the bonds that the board might issue under provisions of that act. To another provision of that act (section 24) in reference to the application by the state treasurer, as the Custodian of the funds belonging to said board of commissioners, of proceeds of the above-mentioned taxes to the payment of matured principal and interest of such bonds, counsel for the appellees attribute the effect of requiring such application for the purpose of paying matured principal and interest of bonds as to which such application is sought, though a result of such application is to exhaust the funds mentioned, leaving no part thereof to be applied to the payment of necessary expenses of maintaining the drainage works constructed or of the matured principal or interest of the bonds equally entitled to payment. Rorick v. Board of Commissioners of Everglades Drainage District (D. C.) 57 F.(2d) 1048, 1056. No such contention was made, or reasonably could be made, with reference to the proceeds of an annual ad valorem tax which, by an act passed in the year 1921 (Laws of Florida, 1921, c. 8412), was levied and assessed on all real, personal, and mixed property in said Everglades drainage district, to be "known as a maintenance tax and shall be used for maintenance, repairs, upkeep, and any other general or necessary purpose of the District." Section 1. A result of that act was that appellant became the custodian of funds of the Everglades drainage district which the appellees had no right to have applied to the payment of bonds and coupons issued by that district which were held by them.

The appellant is the custodian of the proceeds of two taxes levied on property in Everglades drainage district, namely, the acreage tax levied under the act creating that district and amendatory acts and the ad valorem tax levied under the above-mentioned act of 1921. Mandamus being an extraordinary remedy to require a party to do that which it is his duty to do without it, it was incumbent on the appellees to show by allegations of fact that appellant had in his custody funds which he was under a duty to apply to the payment of the judgment recovered by the appellees. Taxing Dist. of Brownsville v. Loague, 129 U. S. 493, 9 S. Ct. 327, 32 L. Ed. 780; State v. Johnson (Fla.) 150 So. 111; State ex rel. Hillsboro

---

[1] Not for publication.

County v. Amos, 100 Fla. 1335, 131 So. 122, 123. The following is an extract from the opinion rendered in the last-cited case: "When a writ of mandamus is sought to compel the comptroller to disburse moneys, his ability as well as his duty to comply with the command of a peremptory writ, and also relator's right to have the duty performed, must clearly appear. * * * The requirement is not met in the absence of a clear showing that the funds sought are in the hands or under the control of the comptroller in such manner that he has the authority and ability to disburse them. That vital element of relators' right to the writ cannot be left to inference or conjecture. In view of the statutory requirement that the amounts to which the state is entitled shall be remitted to the proper officers thereof, respondent's ability to perform the command of the writ does not clearly appear, in the absence of an affirmative allegation that the funds sought have not been remitted to the treasurer. That matter is therefore not one of defense." The above-quoted allegation of the petition for the writ of mandamus as to the appellant, as custodian of funds belonging to Everglades drainage district, holding a named sum belonging to that district well may be regarded as showing no more than the opinion or conclusion of the pleader that it is the duty of the appellant as such custodian to apply that sum to the payment of past-due bonds and coupons of said board of commissioners of Everglades drainage district. It could not reasonably be contended that that allegation clearly shows any fact furnishing a basis for an inference or conclusion that the whole or any part of the stated sum consisted of the proceeds of taxes applicable to the payment of the judgment recovered by the appellees. In behalf of the appellees it was contended that, if their petition was defective in failing to show that appellant was under a duty to apply funds in his custody to the payment of the judgment recovered by the appellees, that failure or omission was cured by the admission made by the allegations of the above set out part of paragraph 7; counsel for the appellees arguing that that allegation was an admission by appellant that the funds in his custody consisted wholly of proceeds of the tax levied under the act creating Everglades drainage district and amendatory acts. In support of that contention reference was made to the circumstance that appellant alleged that "all funds now in the hands of respondent have been realized from drainage taxes," and that in different parts of the act creating Everglades drainage district the taxes levied by that act were called "drainage taxes." The last-mentioned circumstance is deprived of much of the significance attributed to it by the fact that in other parts (e. g., section 6) of that act the tax levied by it was called "the acreage tax." Manifestly the parts of that act in which the tax it levied was called the drainage tax was not intended to distinguish that tax from any other tax the proceeds of which were applicable for use for any purpose of Everglades drainage district, as no other such tax was authorized or levied prior to the enactment of the act of 1921 providing for the maintenance tax. Both the acreage tax levied by the act creating Everglades drainage district and the ad valorem maintenance tax levied by the act of 1921 well might be referred to or described as a drainage tax, as the proceeds of each of those taxes were applicable to the payment of expenses incident to the construction, operation, or maintenance of drainage works of that district provided for by the act which created it. To say the least, the above set out allegation of paragraph 7 of appellant's return does not clearly show that he admitted, or intended to admit, that the funds in his custody consisted wholly of proceeds of taxes which were applicable to the payments of the principal and interest of bonds issued by Everglades drainage district. The conclusion that the appellant intended to make such an admission is clearly negatived by the above set out allegations of paragraph 10 of his return to the alternative writ of mandamus.

The last-mentioned allegations raised an issue as to the whole or any part of the sum in the hands of the appellant, as custodian of the funds of the board of commissioners of Everglades drainage district, being or not being applicable to the payment of the judgment recovered by the appellees. We think no argument or discussion is needed to support the conclusion that paragraph 10 of appellant's return was not subject to demurrer on the grounds assigned. The statement of the presiding judge with reference to the matters alleged in that paragraph indicates that he was of opinion that failure of the appellant and of the board of commissioners of Everglades drainage district to keep segregated the funds in the custody of the former excused the appellees from showing that the whole or any part of those funds was applicable to the payment of the judgment recovered by the latter. The record afforded no basis for the conclusion that ei-

ther the appellant or said board of commissioners was derelict in the respect mentioned. The act creating the Everglades drainage district (section 25) made the state treasurer custodian of all funds belonging to that district, but did not impose upon him the duty of segregating those funds. It was consistent with the performance by the appellant of all duties imposed upon him as custodian for him not to be informed of the tax sources from which the funds of the district in his custody were derived. The board of commissioners of that district was not a party to the cause, and in no way was it made to appear that that board failed to keep properly segregated the funds available for purposes of the district. In the absence of allegations to the contrary, it may be presumed that the funds in the hands of the appellant as custodian at the time the petition for the writ of mandamus was filed were not applicable to the payment of the judgment recovered by the appellees, with the result that appellant was under no duty to apply the whole or any part of those funds to the payment of that judgment. The statement of the presiding judge with reference to the matters alleged in paragraph 10 of appellant's return indicates that he erroneously concluded that the prayed for writ of mandamus properly could be issued in the absence of any showing that, in whole or in part, the sum of money in the possession of the appellant as custodian at the time the petition was filed was applicable to the payment of the judgment recovered by the appellees.

The allegations of paragraph 10 of appellant's return, coupled with the absence from appellees' petition of any allegation of fact as to the tax source of the whole or any part of the sum of money in the hands of the appellant as custodian at the time that petition was filed, disclosed good cause for a denial of the prayed for writ of mandamus, in that it was not made to appear, clearly or otherwise, that the whole, or what, if any, part, of the sum of money in the hands of the appellant as custodian at the time the petition was filed was applicable to the payment of the judgment recovered by the appellees. We conclude that appellees did not show what they were required to show to be entitled to the relief prayed for and awarded, and that the court erred in adjudging that the prayed for writ of mandamus be issued.

The judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed.