OSCEOLA COUNTY v. STATE, *ex rel.* FOSTER NEWTON, Etc.

155 So. 119.
Division A.
Opinion Filed May 23, 1934.

*W. J. Steed* and *Lawrence Rogers,* for Plaintiff in Error; *Ellis F. Davis,* for Defendant in Error.

DAVIS, C. J.—This was an action of mandamus brought by the Constable of Justice of the Peace District No. 1 of Osceola County, Florida, to require the respondent county to pay relator his lawful fees for services rendered by him in executing a criminal warrant issued by the Justice of the Peace of District No. 1, Osceola County, for the apprehension and arrest of a person charged with the larceny of an automobile. The arrest was duly made by the relator, the defendant bound over to the Grand Jury, but the Grand Jury returned "no true bill."

The county refused to pay the Constable his costs of executing the warrant on the ground that the Justice of the Peace who had issued the process had not required the party who swore out the complaint to comply with Section 8490 C. G. L., 6176 R. G. S., which reads as follows:

"In all cases of justices of the peace and county judges in this State shall require payment in advance or security for costs of process service of the same and of examination, unless the party applying for a warrant shall make an affidavit of insolvency and of substantial injury, to person or property, by him suffered, in which case process shall issue without payment of costs." (Ch. 1949, Acts 1873, Sec. 2; Ch. 3128, Acts 1870, Sec. 1; Ch. 1949, Acts 1878, Sec. 2; Ch. 5651, Acts 1907, Sec. 1.) .

The Circuit Court held that even though no prepayment of costs nor insolvency affidavit had been required by the Justice of the Peace as a condition precedent to his issuance of the warrant, that nevertheless the constable had executed and returned it in due form of law, and that the constable was entitled to be paid for his execution of the warrant. Judgment for peremptory writ was entered. The county has appealed.

There is no error in the judgment. The offense charged in the warrant was of a public nature. Such crime was likewise a felony, to-wit: larceny of an automobile. Simmons v. State, *ex rel.* Tew, 71 Fla. 340, 71 Sou. Rep. 278, this Court expressly held that the provision of Chapter 5651, Acts of 1907, which is now Section 8490 C. G. L., 6176 R. G. S., has no applicability to crimes of a public nature. Any felony must be considered to be a crime of a public nature. And the crime charged in the warrant for the execution of which compensation is claimed by the officer in this case, was undoubtedly a felony. It was such a felony under the statutes of this State (Section 7242 C. G. L., 5142 R. G. S.) that even the injured party would not have had any lawful right to have compounded the offense after its commission. Section 7540 C. G. L., 5399 R. G. S. So the Justice of the Peace was clearly within

his rights in issuing a warrant for larceny of an automobile without exacting compliance with Section 8490 C. G. L., *supra,* by the complaining affiant who swore to the affidavit upon which the warrant was based.

Furthermore, under the express terms of Section 8488 C. G. L., 6174 R. G. S., the costs for executing a warrant incident to a commitment trial before a magistrate are payable by the county, even in cases where no information is filed nor indictment found. It was the purpose of this stated exception found in Section 8488 C. G. L., *supra,* to protect an arresting officer in his right to the collection of his costs for executing a warrant issued by a committing magistrate without regard to the nature or cause of the accusation, or the foundation in law or fact for the charge made. This is so, since under the statutes it is made the duty of sheriffs and constables to serve all warrants coming into their hands which are fair and valid on their face, in default or neglect of which they are subject to certain penalties. See Section 7522 C. G. L., 5383 R. G. S., 4594 C. G. L., 2896 R. G. S.

Judgment affirmed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

ELLIS, J., dissents.

ELLIS, J. (dissenting).—Justices of the Peace are constitutional officers. They constitute part of the Judicial Department of this State. Sec. 1, Art. V, Constitution.

A constable is a constitutional county officer, and he is required to perform such duties and under such regulations as may be prescribed by law. Sec. 23, Art. V, Constitution.

A Justice of the Peace has power to issue process for the arrest of all persons charged with felonies and misdemeanors not within his jurisdiction to try, and make the same returnable before himself or the County Judge for

examination, discharge, commitment or bail of the accused. Section 22 of Article V, Constitution.

The regulation of fees of officers, county and State, is a legislative matter to be accomplished by laws of a general and uniform operation throughout the State. Sections 20 and 21, Art. III, Const.

The duties which an officer, whether State or County, are required to perform rest upon him whether any compensation to him for his services is provided by law or not. Having accepted the office he is required by such act to discharge or perform the duties of the office even though no provision is made by law for his compensation by way of salary or fees.

A constable, into whose hands has come lawful process from a Justice of the Peace for the arrest of a person charged with a criminal offense not within the jurisdiction of the Justice of the Peace to try, cannot legally refuse to serve the process by refusing to arrest the person charged with the crime and refusing to bring him before the Justice of the Peace for discharge, commitment or bail, because the Legislature has failed to provide compensation to the constable for the particular service.

Section 8490 C. G. L. 1927 (Chapter 5651, Laws of 1907) was construed by this Court in Simmons v. State, 71 Fla. 340, 71 South. Rep. 278, as applying only to those classes of crimes where the complaining witness has suffered special damage in his own person or private property. The phrase "crimes of a public nature" was there used to distinguish between crimes where the complaining witness has suffered special damage in person or property, and crimes in which the complaining witness has not suffered such special damage.

The case at bar is one in which the complaining witness

suffered special damage in his private property, see Transcript of the Record, page 7, a case in which his automobile was alleged to have been stolen by the accused.

The case was clearly within the terms of the statute, Sec. 8490, C. .G. L., *supra*, which provides that Justices of the Peace shall require payment in advance or security for costs of process, service of the same and examination, unless the party applying for the warrant shall make affidavit of insolvency and substantial injury to person or property.

That statute was not observed by the Justice of the Peace, but he issued the warrant and the constable served the process, which it was his duty to do.

The grand jury returned no true bill against the accused, and he was discharged from custody.

The constable sought a mandamus against the County Commissioners to require them to pay the constable from the fine and forfeiture fund a certain sum of money as lawful costs due, for the service of the process issued by the Justice of the Peace. An alternative writ was issued, a motion to quash it denied, and a peremptory writ issued. To that judgment the county took a writ of error.

Section 8488 C. G. L. 1927 provides that the county shall not pay the costs of a committing trial except the costs for executing the warrant where a person is held on a criminal charge by a committing magistrate and no indictment is found against the accused. That section impliedly provides that the county shall pay the constable for executing the warrant in such circumstances, but it imposes no clear duty upon the county to do it.

Section 9 of Article XVI of the Constitution requires the counties to pay all legal costs and expenses in criminal cases prosecuted in the name of the State when the defendant is insolvent or discharged under such regulations

as shall be prescribed by law. This was not a case prosecuted, and no statute provides for the payment by the county of the costs for executing the warrant.

While it is the duty of sheriffs and constables to execute all warrants coming into their hands which are valid on their face, and in refusing willfully and corruptly to do so they are subject to certain penalties, Sec. 7522 C. G. L. 1927, Sec. 4594 C. G. L. 1927, there is no statute requiring the counties to pay their fees in such circumstances as those described in the application for the writ of mandamus. If such obligation rested upon the counties it would be within the power of Justices of the Peace to wreck the finances of a county with little effort.

The theory that because a State or county officer performs services and discharges the duties which devolve upon him by reason of the occupancy of the office, therefore the county is required to pay the fees allowed by law for such services, is a convenient doctrine for the sheriffs' and county officers' organizations, but I am unable to say that any legislative enactment exists which covers such a case as the one presented here. It is a subject for legislative consideration.

Mandamus should not issue until a clear ministerial duty to perform the act exists, and the person whose duty it is to perform the act declines to perform it, and where the person seeking the writ has a clear right to the performance of the act. See Myers v. State, *ex rel.* Thompson; 81 Fla. 32, 87 South. Rep. 80; Tampa Water Works Co. v. State, *ex rel.* City of Tampa, 77 Fla. 705, 82 South. Rep. 230.

The writ should not have been granted in this case because the constable has an adequate legal remedy against the county by action against it for the payment of his costs if any such duty rests upon the county.

I think the judgment should be reversed.