D. S. WEEKS, as Clerk of the Circuit Court of Glades County, v. STATE, *ex rel.* J. P. MOORE, Individually and as Tax Collector of Glades County.

182 So. 280.
Opinion Filed June 15, 1938.

*J. M. Couse,* for Plaintiff in Error;
*Strayhorn & Strayhorn,* for Defendant in Error.

BUFORD, J.—Writ of error brings for review judgment denying peremptory writ of mandamus, but ordering as follows:

"It is further ordered, however, that the respondent immediately pay over to the relator all sums received from the sale of all State-owned certificates, above the actual costs of sale, and up to the 5% commission therein belonging to the relator, in all cases where sale has been consummated by delivery of the said certificates.

This judgment did not conform to the requirements set forth in the alternative writ and was, therefore, not a proper judgment in mandamus proceedings.

In mandamus the peremptory writ must follow the alternative writ and the judgment should be to award peremptory writ or to quash the alternative writ with or without leave to amend. See State v. Tucker, 106 Fla. 905, 143 Sou. 754; State v. Thursby, 104 Fla. 103, 139 Sou. 372; Tampa Water Works Co. v. State, 77 Fla. 705, 82 Sou. 230.

The law as stated by this Court in the opinion filed March 30th in the case of State, ex rel. Hughes, v. Caruthers, reported in 180 Sou. page 27, is applicable by analogy to the instant case. In both cases the controlling question is whether or not the tax collector is entitled to commissions included in tax sale certificates when the certificates are sold under the provisions of Chapter 18296, Acts of 1937.

We held in the Hughes case, supra, that "Chapter 18296, Acts of 1937, contemplates the collection of the commission claimed in this case, it being a part of the costs."

It follows that as a part of the costs the commissions due the tax collector should be collected from the purchaser of the certificates and paid over to the tax collector to whom same are due. We do not here attempt to say what pro-

cedure should be followed where the certificates have. been sold and delivered and this item of cost not collected.

For the reasons stated, the judgment is reversed and the cause remanded for further proceedings.

So ordered.

WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.