THE STATE OF FLORIDA *ex rel.* BOB DAVIS v. J. C. BUCKELS

3 So. (2nd) 170
Division A
Opinion Filed June 27, 1941

*P. B. Edwards,* for Plaintiff in Error.

*O. S. Thacker,* for Defendant in Error.

BUFORD, J.—Writ of error brings for review judgment quashing alternative writ of mandamus and dismissing the cause.

The command of the alternative writ is:

"Now, therefore, we willing that full and speedy justice be done in the premises, do command you, J. C. Buckels, as City Manager and Tax Collector of the City of Kissimmee, to forthwith issue to the relator, Bob Davis, upon payment by him to said City of the sum of $300.25, the license or receipt prayed for in the petition, or that in default thereof, you appear before this court on the 30th day of September A. D. 1940, at 4 P. M., at its Chambers in Kissimmee, Florida, and then and there show cause why you refuse to do so."

The alternative writ and the return thereto show

that petitioner had received and operated under a license as vendor of intoxicating liquors at a stated place in Kissimmee, Florida, for the license year 1939-1940 and had applied for such license for the year 1940-1941 and that such license had been refused by the city commission.

The return of the commission shows that charges with affidavits supporting same had been filed in which it was alleged that petitioner had violated the State liquor license law by engaging in the business of a distributor during the license year 1939-1940, and that the commission adopted on September 30, 1940, a resolution as follows:

"Whereas, in view of the charges filed against Bob Davis protesting against issuing him a vendor's license in the City of Kissimmee for the liquor license year beginning October 1, 1940, and which charges now stand unrefuted, and

"Bob Davis having declined to appear before this commission to answer said charges, under advice of his attorney, and

"The commission feeling it has a discretion in the matter to be lawfully exercised,

"THEREFORE, BE IT RESOLVED that the application of Bob Davis for a Vendor's Liquor License in the City of Kissimmee for the license year beginning October 1, 1940, be denied, and the city manager be instructed to observe the provisions of this resolution."

The return also alleges:

"Answering said paragraph further, this respondent alleges that only persons of good moral character are entitled to a retail liquor license in the City of Kissimmee, and that the relator is entitled to renew his license as a matter of course in case his said license has not

been revoked and in case his qualifications have not been impaired, and that under this situation the City of Kissimmee, not wishing to be a party to the violation of the liquor law by the said Bob Davis by issuing him a license in the event that he so violating the law, requested the said Bob Davis to appear before the said commission and met for that purpose on September 28, 1940. At this time, the said Bob Davis failed to appear before the city commission and the said city commission and your respondent wishing to give the said Bob Davis every opportunity to appear before them and refute the charges made in the said petition if the same were untrue, did recess until 11:00 o'clock A. M. on September 30, 1940.

"However, at this time, the said Bob Davis again failed and refused to appear before the said city commission and your respondent and failed to answer or refute the allegations and accusations in said petition made against him.

"6. Answering Paragraph 6 of the said alternative writ, this respondent denies that the only authority of the City of Kissimmee under the law is to collect and receive payment of its part of the liquor tax, but says that it is also its duty and privilege to see that its ordinances are enforced and that it does not make itself a party to violating the liquor law of the State of Florida by issuing a license to anyone not properly qualified to receive the same.

"7. Answering Paragraph 7 of the said alternative writ, your respondent says that the city commission of the City of Kissimmee, in legal session assembled on September 30, 1940, having carefully considered all the evidence presented before it and being of the belief that the qualifications of the said Bob Davis had been

impaired as provided by law, and acting within the scope of its sound judicial discretion, did pass a resolution refusing a retail liquor license to the said Bob Davis and instructed your respondent to refuse to issue said license. A copy of said resolution is hereto attached and marked respondent's Exhibit B."

By motion for peremptory writ, notwithstanding the return, the petitioner admitted the well pleaded allegations of the return.

It is elementary that the writ of mandamus is not a writ of right but that the writ will either be issued or denied in the sound discretion of the court. Myers v. State, 81 Fla. 32, 87 So. 80; Welch v. State, 85 Fla. 264, 95 So. 751. See also Tampa Water Works Co. v. State, 77 Fla. 705, 82 So. 230; County Com'rs v. Jacksonville, 36 Fla. 196, 18 So. 339, 29 L. R. A. 416.

The writ will not be allowed in cases of doubtful right but it must appear, amongst other things, as a prerequisite of the issuance of the writ that the relator has a clear legal right to the performance by the respondent of the particular duty in question. State v. Gray, 92 Fla. 1123, 111 So. 242; State v. Fla. E. Coast R. Co., 69 Fla. 165, 67 So. 906; Merchants' Broom Co. v. Butler, 70 Fla. 397, 70 So. 383; Leatherman v. Schwab, 98 Fla. 885, 124 So. 459; State v. Greer, 88 Fla. 249, 102 So. 739; 37 A. L. R. 1298; Welch v. State, 85 Fla. 264, 95 So. 751; Myers v. State, 81 Fla. 32, 87 So. 80; Johns v. County Com'rs., 28 Fla. 626, 10 So. 96; Davis v. Crawford, 95 Fla. 438, 116 So. 41; State v. Atlantic Coast Line R. Co., 53 Fla. 650, 44 So. 213, 13 L. R. A. (N. S.) 320, 12 Ann. Cas. 359; State v. Amos, 100 Fla. 1335, 131 So. 122.

The petitioner did not bring himself within the rules above stated. Therefore, the judgment is affirmed.

BROWN, C. J., WHITFIELD and ADAMS, J. J., concur.