**STATE ex rel. JOE E. BROWN, v. E. G. DUCKWORTH, as Justice of the Peace, First Justice District, Orange County, Florida.**

15 So. (2nd) 668                    June Term, 1943
November 30, 1943                      Division A

*G. P. Garrett,* for appellant.

*H. B. S. Hammond,* for appellee.

CHAPMAN, J.:

This mandamus action originated in the Circuit Court of Orange County, Florida, between the relator, Joe E. Brown, constable, and the respondent, E. G. Duckworth, justice of the peace, and the parties hereto are officers of the First Justice District of Orange County. The terms of the alternative writ commanded the respondent, as justice of the peace: (1) to permit or allow the relator, as constable, to act as executive officer of the justice court; (2) to deliver to the constable for service all process issuing out of the justice court in those cases in which the relator was qualified to act; (3) to desist from permitting or allowing the sheriff to act as executive officer or to serve process of the justice court, except in those cases in which the relator was disqualified or unable to perform, as the same deprived the relator of the emoluments lawfully flowing from the office of Constable of the First Justice District of Orange County, Florida. Considerable testimony was taken, and from an order of dismissal an appeal has been perfected here.

Counsel for appellant poses for adjudication the following question: Under the Constitution and Statutes of the State of Florida, is the justice of the peace entitled in his discretion, to allow the sheriff of the county to act as executive officer of the justice court, and to serve process of the justice court in ordinary justice court cases and when the justice acts as coroner, where the constable of the justice district is not disqualified, and is able to perform his duties?

Section 6 of Article VIII of the Constitution of Florida directs the Legislature to provide for the election by the qualified electors of each County enumerated county officers. The office of constable is specifically named and the term thereof fixed at four years. The powers, duties and compensation of the county officers, including the office of constable, shall be prescribed by law. A constable, shall be elected by the registered voters in each justice district, and shall perform such duties and under such regulations as may be prescribed by law. See Section 23 of Article V of the Florida Constitution.

Each sheriff shall execute all process of the Supreme Court, circuit courts, county courts and criminal courts, and boards of county commissioners and such process of the justice of the peace courts as may come to his hands to be executed. Section 30.15, Fla. Stats. 1941. Each justice of the peace shall keep a docket book and a fair and accurate entry of all causes . . . shall appear . . . and a marginal memorandum of the items of all costs, including justice's fees, sheriff's or constable's fees and witness fees, etc. Section 37.15, Fla. Stats. 1941.

The sheriff, or any constable of the county, shall be the executive officers of the court of justice of the peace, but if the sheriff or constable for any reason shall be disqualified or unable to act, the justice of the peace may appoint any qualified individual to serve process and to perform all the duties of such executive officer. Section 37.16, *supra*. The fees of constables shall be the same as are at this time allowed sheriffs for like service.

Constables . . . shall serve all summonses and warrants, and levy all executions placed in their hands, agreeable to the tenor thereof, and make returns to the court to which the same may be returnable. Section 37.18, *supra*. All process, except that issuing from a justice of the peace court, shall be served by the sheriff or any constable of the county in the district in which it is to be served. Process of a justice court may be served by a sheriff of the county or by a constable. Section 47.12, *supra*. The summons shall be served by a sheriff or constable, but if such officers be disqualified or unable to act, or if neither can be conveniently found, then by a person specially appointed in writing by the justice for that purpose. Section 81.02, *supra*.

Justices of the peace, within their respective districts, shall hold inquests of the dead and to that extent shall be deemed coroners. Section 936.01, *supra*. Every coroner, when advised of the dead body of any person lying within his district supposed to have come to his death by violent or criminal negligence of another, shall make out his warrant directed to a *constable* of the county or to a sheriff requiring him forthwith to summon a jury, and with the coroner view

the body and inquire into the cause of death. Section 936.03, *supra*.

Section 6 of Article VIII of the Constitution of Florida created or established the office of Constable. The term of office was fixed at four years. This Section conferred on the Legislature the power, by appropriate legislation, to prescribe the powers, duties and compensation of constables. Pursuant to the powers granted, Section 37.16, Fla. Stats. 1941, was enacted. The Section provided for an executive officer of a justice of the peace court. The sheriff of the county or any constable of the county was eligible to discharge these duties. If neither was available, the statute authorized the appointment by the Justice of a qualified person to discharge the duties of executive officer of the justice of the peace court. The provisions of this Section simply grant or confer on a justice of the peace the power or authority to function and dispatch pending business without unnecessary delays, postponements, or adjournments because of the absence of the sheriff or constable to act or discharge the duties of the executive officer of the court. An examination of the testimony fails to disclose that the appellee, at any time, ever denied the constable the rights or privileges to discharge the duties of the executive officer of the Justice of the Peace Court of the First District, as provided for in Section 37.18, *supra*.

It is next contended that the respondent, as justice of the peace is required, as a matter of law, to deliver to the relator, as constable of the justice district for service all process issuing out of the justice court in those cases in which he (the constable) was qualified to act; that the justice of the peace desist from permitting or allowing the sheriff to act as executive officer or to serve process of the court, except in those cases in which the Constable was disqualified or unable to perform.

All process, except that issuing from the justice of the peace, shall be served by the sheriff or any constable of the county in the district in which it is to be served. Process of a justice of the peace may be served by a sheriff of the county or by a constable. Section 47.12, *supra*. The summons shall be served by a sheriff or constable, but if such officers be dis-

qualified or unable to act, or if neither can be conveniently found, by a person specially appointed in writing by the justice for that purpose. Section 81.02, *supra*.

The evidence in the record sustains the conclusion of the trial court to the effect that the justice of the peace delivered process for service both to the sheriff of the county and the constable, depending on the request of the person who caused its issuance; that if there was no request or direction made to him, the justice delivered the process for service to the available officer and whom he thought would handle the same; that if the constable caused the process to issue, then it would be delivered to him for service, if the sheriff caused the process to issue, then the justice would deliver it to him (the sheriff) for service.

We are unable to find a statute making it the lawful duty of a justice of the peace to deliver *all* process issuing out of the justice of the peace court to the constable of the district for service. The same is true as to the sheriff of the county. (Resourceful counsel for the parties fail to cite in the briefs or during oral argument at the bar of this Court such authority). The single exception is provided by Section 936.01, where the justice of the peace acts in the capacity of a coroner,—when the issuing warrant is directed to the constable.

Mandamus at the common law is not a matter of course, but involves the exercise of judicial discretion. The right of the relator to the performance of the particular act must be clear and complete. See State ex rel. Long v. Carey, 121 Fla. 515, 164 So. 199. Mandamus is not a writ of right but the issuance or denial rests in the sound discretion of the court. It will not issue in cases of doubtful right but it must appear that the relator has a clear legal right to the performance by the respondent. See State ex rel. Davis v. Buckels, 147 Fla. 597, 3 So. (2nd) 170.

The judgment of the lower court is hereby affirmed.

BUFORD, C. J., TERRELL, CHAPMAN and ADAMS, JJ., concur.