673 So.2d 559 (1996)
Miguel RODRIGUEZ, Petitioner,
v.
The Honorable Fredricka SMITH, Respondent.
No. 96-1177.
District Court of Appeal of Florida, Third District.
May 22, 1996.
Miguel Rodriguez, in proper person.
*560 Robert A. Butterworth, Attorney General, for respondent.
Before BARKDULL, GREEN and FLETCHER, JJ.
BARKDULL, Judge.
The petitioner has filed this petition for a writ of mandamus seeking to compel the trial court to enforce an order it entered on November 7, 1991. We deny the petition.
The petitioner was arrested in Philadelphia on homicide charges. The City of Philadelphia Police Department seized certain personal property belonging to the petitioner. The petitioner filed a replevin action against the City of Miami Police Department seeking return of his property. The trial court ordered a Miami police officer to retrieve the property from the Philadelphia Police Department and return it to the petitioner's attorney. Apparently this was done because this particular officer had either been involved in the investigation in Philadelphia or had traveled there in connection with an investigation of other charges against the petitioner in Dade County.
When the order was not complied with, the petitioner filed a motion to enforce the order. The trial judge did not rule on the motion, so the petitioner filed a petition for a writ of mandamus that sought an order from this court compelling that trial judge to rule on the motion. In the meantime a successor judge ruled on the motion and held that the order previously issued was unenforceable because the City of Philadelphia Police Department was not an entity subject to the jurisdiction of the Dade County court and it held the property in connection with its own investigation. Therefore, the court ruled, the City of Miami police officer would have no authority to comply with the order. The court advised the petitioner to file the appropriate motion in the Philadelphia courts.[1]
This court denied the petition for writ of mandamus because the court had ruled on the motion and the issue was moot. Rodriguez v. Hon. Ralph N. Person, 652 So.2d 829 (Fla. 3d DCA 1995). The petitioner then filed this second petition for a writ of mandamus seeking once again to enforce the original trial court order.
In our view, the order entered by the successor trial court judge was entirely correct. It stated that the original order could not be enforced because it "exceeded the authority and jurisdiction of the issuing Court." There was no showing that the City of Miami police officer had the ability to retrieve the property and there is no question that the court did not have the authority to order the City of Philadelphia Police Department to produce the property.
Under these circumstances, a petition for a writ of mandamus will not be granted. A writ of mandamus will not be issued unless it is apparent that the petitioner has a clear legal right to the performance by the respondent of the particular duty in question. State ex rel. Davis v. Buckels, 147 Fla. 597, 3 So.2d 170, 171 (1941). The courts will not command an officer to perform an act which the officer cannot legally perform at the time the petition is filed, nor one that would be futile. State ex rel. Walker v. Best, 121 Fla. 304, 163 So. 696 (1935). In addition, a showing that a person has no ability to comply with the order justifies noncompliance. State ex rel. Titus v. Peacock, 125 Fla. 452, 170 So. 127 (1936).
Since the petitioner has not demonstrated that any Florida official has the ability to comply with the order, or that he has a clear legal right to enforcement of the order, the petition for a writ of mandamus is denied.
NOTES
[1] This may still be a viable option.