L. H. MYERS, AS SECRETARY OF ENDOWMENT BUREAU OF DISTRICT GRAND LODGE NO. 27 UNITED ORDER OF ODD FELLOWS OF FLORIDA, *Plaintiff in Error*, v. STATE OF FLORIDA, EX REL. G. F. THOMPSON, AS PERMANENT SECRETARY OF OMEGA LODGE NO. 5442, GRAND UNITED ORDER OF ODD FELLOWS OF FLORIDA, *Defendant in Error*.

Opinion Filed January 14, 1921.

1.  The writ of mandamus does not supersede legal remedies, but rather supplies the want of a legal remedy, therefore two prerequisites must exist to warrant a court in granting this extraordinary remedy: first, it must appear that the relator has a clear, legal right to the performance of the particular duty by the respondent; and, second, that the law affords no other adequate or specific remedy to secure the performance of the duty which it is sought to coerce.

2.  Mandamus is not the proper method of trying collateral questions which require a legal controversy for their settlement.

3.  At common law the issuance of a writ of mandamus is not
    a matter of course; being in its nature a prerogative writ,
    its issuance is to a certain extent a matter of judicial dis-
    cretion, and even in this country where the prerogative char-
    acter of the writ is no longer fully recognized the exercise
    of the jurisdiction to grant it rests, to a considerable extent,
    in the sound discretion of the court, subject always to the
    well-settled principles which have been established by the
    courts.

4.  In mandamus proceedings where the legal right of the re-
    lator to the relief sought does not clearly appear and where
    questions involved should be adjudicated in other appro-
    priate proceedings, a peremptory writ should be denied.

A Writ of Error to the Circuit Court for Duval County;
Daniel A. Simmons, Judge.

Reversed.

*Herbert L. Anderson,* for Plaintiff in Error;

*Martin H. Long,* for Defendant in Error.

WHITFIELD, J.—A peremptory writ of mandamus was
issued herein commanding the secretary of a lodge of
Odd Fellows to issue a receipt for dues, etc., upon pay-
ments made under a schedule of assessment dues without
reference to increases that had been made in such dues,
the authority for which increase was contested. A writ
of error was taken.

The writ of mandamus does not supersede legal reme-
dies, but rather supplies the want of a legal remedy,
therefore two prerequisites must exist to warrant a
court in granting this extraordinary remedy: first, it
must appear that the relator has a clear, legal right to
the performance of the particular duty by the respondent;

2—Vol. 81

and, second, that the law affords no other adequate or specific remedy to secure the performance of the duty which it is sought to coerce. State *ex rel.* Ellis v. Atlantic Coast Line R. Co., 53 Fla. 650, 44 South. Rep. 213.

Mandamus is not the proper method of trying collateral questions which require a legal controversy for their settlement. Cawthon v. State *ex rel.* Adams, 62 Fla. 133, 56 South. Rep. 404; State *ex rel.* Sunday v. Richards, 50 Fla. 284, 39 South. Rep. 152.

"At common law the issuance of a writ of mandamus is not a matter of course; being in its nature a prerogative writ, its issuance is to a certain extent a matter of judicial discretion, and even in this country where the prerogative character of the writ is no longer fully recognized, the exercise of the jurisdiction to grant it rests, to a considerable extent, in the sound discretion of the court, subject always to the well settled principles which have been established by the courts. 18 R. C. L. §52, p. 137; 26 Cyc. 143, 157.

In this case the rights of the relator, if any, in the premises, depend upon a determination of rather unusual questions of fact to which rules of law hitherto unascertained in this State are supposed to apply. As a legal right of the relator to the writ does not clearly appear on the face of the pleadings on which the writ was ordered, and as questions involved should be adjudicated in other appropriate proceedings, the peremptory writ of mandamus should not have been issued, but the alternative writ should have been dismissed.

Reversed.

Browne, C. J., and Taylor, Ellis and West, J. J., concur.