CARY A. HARDEE, ERNEST AMOS, JOHN C. LUNING, RIVERS
H. BUFORD AND W. A. McRAE, AS THE BOARD OF COM-
MISSIONERS OF EVERGLADES DRAINAGE DISTRICT, *Plaintiffs
in Error.* v. STATE OF FLORIDA *ex rel.* H. N. GAINES,
J. M. CROMER, GUS JORDAHN, GEO. A. LONG AND HESTOR
HARRIS, AS COUNTY COMMISSIONERS OF PALM BEACH
COUNTY, FLORIDA, *Defendants in Error.*

Opinion Filed April 25, 1922.

Petition for Rehearing Denied May 19, 1922.

1.  While mandamus may be invoked to compel a corporate
    entity to perform a specific legal duty to the public, the duty
    must clearly appear and the relator must show a right to the
    writ.

2.  The State officials who comprise the State Board of Com-
    missioners of Everglades Drainage District have by statute
    stated corporate functions and authority; and their duties
    are confined to the limits of the statutory powers conferred
    upon them.

3.  Where the duties of a State corporate entity are defined
    by statute and not by the principles of the common law, and
    an alternative writ of mandamus commands such corporate
    entity to perform an act not authorized by the statute from
    which the powers and duties of the corporate entity are
    derived, the alternative writ should be quashed on appro-
    priate procedure.

A Writ of Error to the Circuit Court for Palm Beach
County; E. C. Davis, Judge.

Judgment Reversed.

*Glenn Terrell,* for Plaintiffs in Error;

*H. L. Bussey,* for Defendants in Error.

WHITFIELD, J.—A writ of error was taken to a peremptory writ of mandamus issued by the Circuit Judge to the "Board of Commissioners of the Everglades Drainage District," a State corporate entity, commanding the Board to build, construct and complete a subsantial, sufficient, and adequate bridge or other proper crossing, upon, over and across the State Drainage Canal known as the "West Palm Beach Canal," at a place where the canal intersects and crosses a public highway.

It appears that acting under statutory authority, Chapter 7944, Acts of 1919, the State Board constructed a lock in a canal for public purposes which intersected the highway, and the Board built a bridge over the canal that has been used by the public as a part of the highway. The purpose of the writ is to require the State Board to erect a more substantial bridge for highway purposes over the canal.

While mandamus may be invoked to compel a corporate entity to perform a specific legal duty to the public, the duty must clearly appear and the relator must show a right to the writ. State *ex rel.* Ellis v. Atlantic Coast Line R. Co., 53 Fla. 650, 44 South. Rep. 213, 13 L. R. A. (N. S.) 320.

The State officials who comprise the State Board of Commissioners of Everglades Drainage District have by statute stated corporate functions and authority; and their duties are confined to the limits of the statutory powers conferred upon them.

As the specific duty here sought to be enforced does not appear expressly or by fair implication from the statutory powers conferred, and as the State officials as such corpor-

18—Vol. 83.

ate entity represent the State and have their authority and duties prescribed by statute and not by the principles of the common law, the act commanded by the writ does not clearly appear to be among their duties that may be enforced by mandamus, even if the relators otherwise would be entitled to the writ.

The motion to quash the alternative writ should have been granted, therefore the judgment awarding a peremptory writ of mandamus is reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.