CITY OF FORT MEADE, *et al.,* v. STATE, *ex rel.* F. H. ROSE.

162 So. 350.
Division B.
Opinion Filed June 22, 1935.

*Nat J. Patterson,* for Plaintiffs in Error;
*Huffaker & Edwards,* for Defendant in Error.

BUFORD, J.—The defendant in error procured alternative writ of mandamus to coerce the proper officials of the City of Fort Meade, Florida, to institute and prosecute foreclosure proceedings to foreclose special assessment certificates against property upon which special assessments had been made for street improvement and for which bonds had been issued under the provisions of Chapter 9298, Acts of 1923, the same being Sections 3022 to Section 3042 C. G. L., and under like provisions of the City Charter of the City of Fort Meade, being Chapter 10569, and the special provisions applicable to this case being those contained in Section 62 of the Charter Act. The alternative writ showed that the relator is the owner and holder of Bond No. 48 of the series of bonds issued by the City of Fort Meade in the aggregate of $60,000 of the date of September 1, 1925, and that this bond matured on September 1, 1933; that he is also the owner and holder of four $30.00 past due interest coupons attached to the said bond; that the city has levied taxes for payment of the principal and interest of the said bond issue each year since the issuance of the said bonds, but had collected only a part of the taxes and that of taxes levied there is past due and payable an amount in excess of $100,000.00; that of the paving assessments made prior to the issuance of the bonds there remains uncollected a sum in excess of $50,000.00; that the city has not made any effort to collect the paving assess-

ment; that the city paving assessments constitute the primary fund for the payment of the said bonds and coupons.

It is further alleged that under the statutes above referred to it is the duty of the city to annually bring foreclosure suits in equity upon all of said unpaid paving assessments for the purpose of collecting money to pay the said bonds and interest accruing thereon, but that the city, although often requested to do so, had refused to pay the principal and interest of said bonds.

The command of the writ is that the City of Fort Meade institute foreclosure proceedings upon the assessment certificates which are delinquent, current and now due to the City as required by the statute and the Charter of the said City and do thereby collect a sufficient sum to pay the claims of the petitioner and the costs of the suit and that in default thereof the City show cause to the Circuit Judge why it failed to do so.

Motion to quash the alternative writ was overruled. Respondent failed to plead over within the time limited and the court issued peremptory writ in accordance with the alternative writ. To this judgment writ of error was taken.

Now these bonds were issued as stated above under the provisions of statutes referred to. Section 10 of Chapter 9298, Acts of 1923, provides:

"And upon failure of any property owner to pay any annual installment due, or any part thereof, or any annual interest upon deferred payments, the governing authority of the municipality shall cause to be brought the necessary legal proceedings by bill in chancery to enforce payment thereof, with all accrued interest, together with all legal costs, including a reasonable solicitor's fee to be assessed as a part of the costs, and in the event of default in the

payment of any installment of any assessment or any accrued interest on said assessment, the whole assessment with interest thereon shall immediately become due and payable and subject to foreclosure."

Sub-section "J" of Section 62 of Chapter 10569, provides in part as follows:

"Each annual installment provided for in the preceding clause shall be paid upon the dates specified in said resolution, with interest upon all deferred payments, until the entire amount of said assessment has been paid, and upon failure of any property owner to pay any annual installment due, or any part thereof, or any annual interest upon deferred payments, the City Commission shall cause to be brought the necessary legal proceedings by a Bill in Chancery to enforce payment thereof with all accrued interest, together with all legal costs incurred, including a reasonable solicitor's fee, to be assessed as part of the costs, and in the event of default in the payment of any installment of an assessment or any accrued interest on said assessments, the whole assessment, with interest thereon, shall immediately become due and payable and subject to foreclosure."

Sub-section "I" of Section 62 of Chapter 10569, provides as follows:

"Special assessments for the improvement, hard-surfacing, resurfacing, paving and repaving of any street or sidewalk or sidewalks shall be payable by the owners of the property abutting upon said street or streets assessed for said improvement at the time and in the manner stipulated in the resolution of said improvement, and said special assessment shall be and remain liens superior in dignity to all other liens, except for taxes, until paid, from the date of the assessment upon the respective lots and parcels of land assessed, and shall bear interest at the rate of eight per cent.

per annum, and may be, by the resolution aforesaid, payable in ten equal yearly installments, with accrued interest on all deferred payments, unless paid within thirty days after said assessment shall stand approved and confirmed, as provided in the preceding clause."

Now, under these sections of the statutes, it is clearly the duty of the governing authorities of the City of Fort Meade to enforce the payment of the special assessment certificates by foreclosure suit in equity. The moneys derived from the collection of the special assessment certificates constitute a trust fund in the hands of the City for the payment of the bonds issued against such certificates and in pursuance to the statutes referred to. Therefore, it necessarily follows that the relator has the legal right to require the City Officials to perform the duty prescribed by statute for the purpose of producing the trust fund with which to pay off and discharge his delinquent bond and delinquent bond interest coupons.

The statutes governing the issuance of bonds constitute a part of the obligation of the bond the same as if it were written therein. That mandamus is a proper remedy to coerce the performance of the duty devolving upon the municipal authorities by statute can hardly be questioned. State v. Lehman, 100 Fla. 1313, 131 Sou. 533; State v. Gray, 92 Fla. 1123, 111 Sou. 242; State v. Florida East Coast R. Co., 69 Fla. 165, 67 So. 906; Merchants Broom Co. v. Butler, 70 Fla. 297, 70 So. 383; Leatherman v. Schwab, 98 Fla. 885, 124 Sou. 459; State v. Greer, 88 Fla. 249, 102 So. 739; 37 A. L. R. 1298; Welch v. State, 85 Fla. 264, 95 Sou. 751; Myers v. State, 81 Fla. 32, 87 So. 80; Johns v. County Com'rs, 28 Fla. 626, 10 So. 96; Davis v. Crawford, 95 Fla. 438, 116 So. 41; State v. Atlantic Coast Line R. Co., 53 Fla. 650, 44 So. 213; 13 L. R. A. (N. S.) 320,

12 Ann. Cas. 359; State v. Amos, 100 Fla. 1335, 131 So. 122.

See also: State v. Helseth, 104 Fla. 208, 140 So. 655; State v. Jordan, 105 Fla. 322, 140 So. 908; Hardee v. State, 83 Fla. 544, 91 So. 909.

On authority of the cases above cited and also upon the authority of the case of City of St. Petersburg v. United Mutual Life Insurance Co., filed at this Term of Court, which deals with a like situation wherein the right of a bondholder to have foreclosure of special assessment certificates is discussed, the judgment should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.