STATE, *ex rel* JOHN PAYSON, *et al.*, v. C. E. CHILLINGWORTH, as Judge of the Circuit Court, Fifteenth Judicial Circuit, *et al.*

165 So. 264.

Opinion Filed January 7, 1936.

*Marshall B. Wood,* for Relators;

*McCoy & Love,* for Respondents.

BUFORD, J.—In this case relators seek by mandamus to require the Circuit Judge of the Fifteenth Judicial Circuit

of Florida to vacate a certain order in a mandamus proceeding in the Court wherein and whereby the Circuit Judge ordered and adjudged as follows:

"This cause was duly presented by counsel for the parties upon respondent's application filed in the Clerk's office June 14, 1935, and the matter was duly considered by the Court.

"The relators contend that the Act sought to be enforced by respondents is unconstitutional.

"It is the view of the Court that, while the Act in question may not be mandatory, it is, nevertheless, constitutional and sufficiently clear and certain to authorize the court to enforce its terms. A compliance with the provisions of the Act does not appear to be harmful or prejudicial to the interests of the relators, nor does it appear to impair the obligation of their contracts, or deny to them an efficient remedy for the enforcement of them. Thereupon:

"It Is Ordered and Adjudged that said application be granted and that the relators, within sixty days from date, file in court, a duly verified statement, giving the names and addresses of all persons, firms or corporations who are legal or equitable owners of said bonds or debts, or holders of certificates of deposit issued therefor by relators or their duly constituted depository or agency, together with the amounts and descriptions of bonds or debts, or certificates of deposit therefor, held by each, all insofar as relators may have any knowledge concerning the same; and that this cause be stayed until the filing of such verified statement, and the vacation of this stay by order of court entered upon application and due notice to counsel."

The order was made pursuant to authority sought to be established by Senate Bill No. 158, Acts of 1935, now ap-

pearing as Chapter 16832, Acts of 1935. Section 1 of the Act provides as follows:

"Section 1. In any suit now pending or which may be commenced in any Court in this State, against any political subdivision or taxing district of this State, wherein the plaintiff or complainant party shall be acting as the representative of bondholders or creditors, whether by virtue of bondholders' protective committee deposit agreement, or by virtue of other form of authority or agency from the equitable owners of bonds or other debts, the Judges of the Court in which such suit shall be pending shall, upon application of such defendant, enter an order requiring the plaintiff or complainant party to file in said court, by a short day, a duly verified statement giving the names and addresses of all persons, firms or corporations who are legal and equitable owners of said bonds or debts, or holders of certificates of deposit issued therefor by such plaintiff or complainant party, or its duly constituted depositary or agency, together with the amounts and descriptions of bonds or debts, or certificates of deposit therefor, held by each and the entry of such order shall stay further proceedings in such cause until the filing of such verified statement. In the event of failure to file same, within the time prescribed by order of Court, or any extension thereof, such suit shall be dismissed."

The suit in which the order was made was filed in the court below and the alternative writ of mandamus was issued on the 11th day of January, 1935, and sought to coerce the tax levy for the payment of certain bonds and interest coupons. The bonds and coupons were all issued long prior to the passage of the legislative Act of 1935 above referred to.

The relators here contend that they are entitled to the

alternative writ of mandamus to compel the court to vacate a judgment, order or decree which the court is without jurisdiction to make where there is no adequate remedy at law by appeal, error or otherwise.

That such remedy is available can no longer be doubted in this jurisdiction. See State v. Wright, 107 Fla. 178, 145 Sou. 598, and cases there cited.

That there is no adequate remedy by appeal, error or otherwise to correct the alleged unwarranted and unauthorized action of the court below is readily apparent from the face of the record. It is an interlocutory order in a law action and, therefore, appeal or writ of error does not lie from it. To allow the cause to proceed with the order standing and to be dismissed for failure to comply with the order is not an adequate remedy.

The motion to quash the alternative writ which was issued herein challenges not only the propriety of the writ of mandamus as the remedy to be invoked, but also challenges the allegation that the court was without jurisdiction to enter the order complained of.

The only pretended authority for the entry of the order is the legislative Act above referred to, Section 1 of which we have quoted. If that Act be invalid, then the court was without jurisdiction to enter this order and the motion to quash should be denied.

We hold that the legislative Act above referred to is invalid because it is unconstitutional as impairing the obligation of a contract. The statute attempts to encumber the only existing remedy which a bondholder has to enforce the levy of a tax to pay his bond with a condition which arbitrarily places on the bondholder a burden which was not contemplated under the law existing at the time the

bonds were issued and the performance of which condition could never benefit him nor the respondents in the cause.

It is a well established rule that the Legislature may not under the guise of modifying a remedy impair the obligation of a contract. 12 C. J. 1067. W. B. Worthen Co. v. Kavanaugh, 295 U. S. 56, 79 L. Ed. 1298, 55 Sup. Ct. 555. See also Green v. Biddle, 8 Wheat, 1, 5 U. S., 1st Ed., 547, McCracken v. Hayward, 2 Howard 608, 11 Law Ed. 397. In the McCracken case the Supreme Court of the United States, amongst other things, said:

"If any subsequent law affect to diminish the duty or impair the right it necessarily bears on the obligation of the contract in favor of one party to the injury of the other. Hence, any law which in its operation amounts to a denial or obstruction of the rights accruing by a contract, though professing to act only on the remedy, is directly obnoxious to the prohibition of the constitution."

The contract established by the issuance of the bonds was that the municipality should levy and collect taxes and pay the bond at maturity upon presentation and surrender by the holder and did not include any condition that the holder of the bond must before he could enforce payment, inform the municipal authorities as to the names and addresses of all persons who in addition to the holder of the bond sought to be collected may have a beneficial interest in that bond, or other bonds of the same issue. Under the contract it was immaterial whether the holder bringing the suit or demanding payment be acting as agent of another under contract, or acting in his own behalf as the beneficial owner, or in some other capacity, under the very terms of the contract, he is unconditionally entitled to payment of the bond upon the showing that he is the holder thereof at the time of maturity. And it is not competent for the

legislature to burden that contract with the further condition that he must do something else not contemplated by the contract before he can enforce the collection of taxes and the payment of his bond. See State, *ex rel.* Gillespie, v. Walsma, 113 Fla. 726, 152 Sou. 196.

The legislative Act is also invalid because it is an unwarranted legislative invasion of the powers and provinces of the judiciary.

The statute attempts to set up a mandatory requirement that the Circuit Judge should enter an order as was entered in this case under the conditions named. It attempted to leave no discretion in the court as to whether the information sought should be required to be filed or as to whether or not the action should be stayed or as to whether or not the suit should be dismissed, in case the plaintiff should file the information required by the order.

In Trustees of Internal Improvement Fund v. Bailey, 10 Fla. 238, it was held:

"In a case where the exercise of power by the Legislature properly belonging to the judicial department is clear and manifest there is no doubt it would be incumbent on this Court to declare it in violation of the Constitution."

In this case the legislative Act clearly attempts to exercise power belonging to the judiciary if such power could exist in any branch of the government to impair the obligation of the contract; which it can not.

In State, *ex rel.*, v. Buckwalter, *et al.*, v. City of Lakeland, 112 Fla. 200, 150 Sou. 508, we said:

"In United States, *ex rel.* Von Hoffman, v. City of Quincy, 4 Wall 535, 18 Law Ed. 403, the Supreme Court of the United States said:

" 'It is also settled that the laws which subsist at the time and place of the making of a contract, and where it is to

be performed, enter into and form a part of it as if they were expressly referred to or incorporated in its terms.. This principal embraces alike those which affect its validity, construction, discharge and enforcement. This statute attempts to affect its enforcement.'

"Again, in the case last cited, it is said:

" 'Nothing can be more material to the obligation than the means of enforcement. Without the remedy, the contract may, indeed, in the same sense of the law, be said not to exist and its obligation to fall within the class of those moral and social duties which depend for their fulfillment wholly upon the will of the individual. The ideas of the validity and remedy are inseparable and both are parts of the obligation, which is guaranteed by the Constitution against invasion. The obligation of the contract is the law which binds the parties to perform their agreements.' "

And in that opinion we also quoted, with approval, from the case of State, *ex rel.* Ranger v. City of New Orleans, 102 U. S. 203, 26 Law Ed. 132, as follows:

"The obligation of a contract in the constitutional sense is the means provided by which it can be enforced; by which the parties can be obliged to perform it. Whatever legislation lessens the efficiency of those means impairs the obligation. If it tend to postpone or retard the enforcement of the contract the obligation of the latter is, to that extent, weakened."

In the same case we also said:

"It may be said as a general rule that whatever power is conferred upon the courts by the Constitution cannot be enlarged or abridged by the legislature. Robinson v. Durant, 36 Utah 63, 104 Pac. 764; 15 C. J. 731; in re. Albori, 95 Cal. A. 42; 272 Pac. 321. This rule is also stated as follows: 'The legislature cannot lawfully interfere with the

subsistence of the judicial power and discretion vested in the courts by the Constitution nor hamper nor hinder the free and independent exercise thereof.' See Stafford v. Brevard County, 92 Fla. 617, 110 Sou. 451."

For the reasons stated, the motion to quash the alternative writ will be denied and unless return be filed within fifteen days peremptory writ shall issue.

So ordered.

WHITFIELD, C. J., and TERRELL and DAVIS, J. J., concur.

ELLIS, P. J., and BROWN, J., dissent.