In the Matter of the Application of FRANK SCALISE, Petitioner, for a Certiorari Order against THE STATE LIQUOR AUTHORITY and the HERKIMER COUNTY ALCOHOLIC BEVERAGE CONTROL BOARD, Respondent.

Supreme Court, Special Term, Herkimer County, August 1, 1936.

*Francis J. Moore* [*Andrew J. Moore* of counsel], for the petitioner.

*Nelson Ruttenberg* [*Monroe I. Katcher, II,* of counsel], for the respondent.

ZOLLER, J. Petitioner is a resident of the village of Herkimer, and on or about October 1, 1935, received a renewal license from the New York State Liquor Authority, bearing number RL-9111, serial number Herkimer RL-90, for the sale of liquors within certain premises located at 107 West Smith street in said village. Said license was canceled by an order of said Authority without forfeture of bond on June 16, 1936, and petitioner, pursuant to said order of cancellation, was directed to surrender said license and discontinue business thereunder on June 29, 1936.

Petitioner has now made an application for an order of certiorari to review the determination of said State Liquor Authority. In his petition, dated and verified July 10, 1936, upon which petition an order was granted by this court on July 14, 1936, directing said State Liquor Authority and the Herkimer County Alcoholic Beverage Control Board to show cause why a certiorari order should not be granted to review the action and decision of said Authority and why the petitioner should not be permitted to operate and conduct his business under said license for a period of thirty days, and the execution of the decision and determination of said Authority should not be stayed accordingly, petitioner alleges that the said decision of said Authority was " Arbitrary and capricious; that said decision is illegal and based upon alleged infractions of rules and regulations that were unreasonable, capricious and arbitrary and upon a hearing that was illegal and unjust, and that your petitioner was required to be a witness against himself in violation of the constitutional privileges."

That petition contains other allegations setting forth various claims and complaints of the petitioner, who seeks by reason thereof a review of the action of the Liquor Authority. He says he was sworn and testified in a proceeding to revoke his license held on May 4, 1936, at Utica before the Authority in the absence of counsel, and was not given sufficient opportunity to fully testify and defend himself. He further claims that hearsay, irrelevant and incompetent evidence was admitted and used against him and that no violation was established by legal and competent proof. He also alleges that he always had sufficient facilities in his place of business to accommodate and provide food for at least thirty-two persons.

The proceeding to revoke the restaurant license issued to petitioner on October 1, 1935, held at Utica on May fourth of this year, was had for two reasons: *First*, that the premises occupied by petitioner at 107 West Smith street in the village of Herkimer had ceased to be conducted and maintained as a *bona fide* restaurant, and, *second*, the licensee, petitioner herein, had failed to keep and maintain upon his premises adequate books and records of all

transactions involving the business transacted by such licensee, as required by subdivision 12 of section 106 of the Alcoholic Beverage Control Law.

It appears that prior to said hearing at Utica, petitioner herein had received a letter of warning from the Authority under date of March ninth following a hearing at Utica on February twentieth, held upon due notice to petitioner in a proceeding then commenced by the Authority to revoke his license; that said premises occupied by petitioner had been inspected by an investigator of the Authority and conditions had been disclosed which indicated that the premises were not being conducted in accordance with the law, and that in the letter of March ninth, petitioner was fairly and fully warned and notified as to the situation and his rights and told " should any further violation of the law occur upon your premises it will subject your license to revocation." It further appears that sometime in April a second investigation was made of the premises by another investigator, pursuant to whose report a second proceeding was commenced and the hearing was held at Utica on May fourth.

From the testimony of the two investigators given at that hearing, attended by petitioner and at which he also testified, it appears that no one was employed by the petitioner with the exception, as testified by him, that his brother helped him at night and that someone helped in cleaning up his premises; that he employed no chef, but did the cooking himself, and at the time of the one inspection at least, there was no butter, milk, coffee or food of any kind within or upon the premises, excepting a half box of uncooked spaghetti. It further appears that whatever cooking utensils there were, were hanging on the wall and gave the appearance of not having been used in some time. The testimony also shows that no records were kept by petitioner, but that when one of the investigators visited his premises, he left and returned in about twenty minutes' time with a slip of paper on which there were notations as of March 28, 1936, consisting of various items showing the sale of egg and pepper sandwiches and other food stuffs, including five gallons of pigs' feet at five cents, the total of which items was forty-one dollars and ninety-five cents. Both investigators testified that the premises were found to be in an unclean and unsanitary condition and were substantially without any equipment such as is commonly and necessarily used in the maintenance of a restaurant.

There is no question here of the denial or the invasion of any constitutional rights. The law itself expressly states (§ 114, subd. 4) that licenses issued under this chapter shall contain " (d) a statement in substance that such license shall not be deemed a property or vested right, and that it may be revoked at any time

pursuant to law." (See decision of Mr. Justice EDGCOMB in the case of *Matter of Yates* v. *Mulrooney*, 245 App. Div. 146, and cases therein cited.) The court there held that a license issued pursuant to the Alcoholic Beverage Control Law is not property in any legal or constitutional sense, but is simply a temporary permit issued in the exercise of the police power of the State to do that which otherwise would be unlawful to do.

The further claim made by petitioner herein that the decision reached by the Authority on June 16, 1936, was more than thirty days after the revocation hearing held at Utica on May fourth, and was not in compliance with section 120 of the law, is of little force. In many recent decisions the courts of this State have held that the provisions of this section are directory only and not mandatory and that the Authority does not lose jurisdiction by its failure to act within the thirty-day period specified in said section.

" Restaurant " is defined very clearly and in considerable detail in subdivision 27 of section 3 of the Alcoholic Beverage Control Law, and on the proof petitioner herein failed to show that his place of business at 107 West Smith street came within the term " restaurant " as so defined. Section 118 of said law, entitled " Revocation of licenses for cause," provides in part: " Any license issued pursuant to this chapter may be revoked for cause, and must be revoked for the following causes: * * * 7. Where a hotel, restaurant or club ceases to be a *bona fide* hotel, restaurant or club in the judgment of the Liquor Authority."

It seems to me that the record discloses that there was sufficient evidence of probative value before said Liquor Authority to warrant and justify the cancellation of petitioner's license and I am not able to find any error which, in my judgment, will support the exercise of my discretion in granting the certiorari order which petitioner seeks in this application.

Petitioner's application for an order of certiorari and an order permitting him to operate and conduct his business for a period of thirty days under a stay for that purpose is denied.

An order may be entered accordingly.