STATE, *ex rel.* JACK O. GOETHE, as Receiver of the Estate of J. R. Avellanal, deceased, GEORGE G. GRAHAM and WILLIAM MORALES, JR., as Administrators of said Estate and Trustees under the Last Will and Testament of J. R. Avellanal, deceased, and J. L. AVELLANAL and CONCEPCION AVELLANAL, Sole Heirs and Beneficiaries under the Last Will and Testament of J. R. Avellanal, deceased, v. L. L. PARKS, as Judge of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County.

179 So. 780.

Opinion Filed March 10, 1938.

Rehearing Denied March 30, 1938.

742

*Whitaker Brothers* and *Dupree & Cone,* for Relators;

*W. F. Himes, R. W. Shackleford* and *A. A. Fernandez,* for Respondent.

PER CURIAM.—An alternative writ of mandamus was issued from this Court, predicated upon a petition of the plaintiffs in a chancery suit who are relators in this cause, containing allegations and exhibits in support of contentions that the Circuit Court of Hillsborough County "was without power or authority to dismiss" a stated chancery "cause and suppress the testimony that had been taken," as the court had done; and that in so doing the court vio-

lated the organic provision that "all courts in this State shall be open, so that every person, for any injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice shall be administered without sale, denial or delay," Section 4, Declaration of Rights.

The writ commanded the Circuit Judge to enter an order reinstating the cause and required him to modify his order whereby he suppressed the testimony taken in said cause or else to show cause for not doing so.

It was not *necessary* to make the defendants in the chancery cause respondents in this proceeding. See State, *ex rel.,* v. Cornelius, Judge, 100 Fla. 292, 129 So. 752.

No judgment is required to be entered, but it is sought merely to have reinstated a cause dismissed without authority. State, *ex rel.,* v. Trustees, 20 Fla. 402; State, *ex rel.* Sunday, v. Richards, 50 Fla. 284, 26 So. 1014; State v. Wolfe, 58 Fla. 523, 50 So. 511; State, *ex rel.,* v. Thompson, 113 Fla. 419, 151 So. 704; State, *ex rel.,* v. Carey, 121 Fla. 515, 164 So. 199, are not controlling in cases such as the one here considered.

The respondent herein filed a demurrer and return or answer to the alternative writ. The relators filed a motion for a peremptory writ notwithstanding the answer. The cause has been ably argued.

It appears that after issue joined in a stated chancery suit, a master was appointed by the court "to take proofs on behalf of the parties * * * and to report the same to the court with all due speed, but without any findings of law or fact." A stenographer or reporter was designated by the master to take down in shorthand and transcribe the proofs on behalf of the parties to the cause.

After more than eight hundred pages of testimony had been taken, the defendants in the chancery cause learned

that the master and the stenographer-reporter had entered into agreements respecting compensation for their services in the cause. The master's agreement was with J. Milton McEwen, a *then* attorney for the plaintiffs, and was by letter as follows:

"As per our conversation of today I beg to advise you that as I understand it my compensation for acting as Master in the case of Jack O. Goethe, as Receiver, etc., *et al.,* v. N. A. Portocarrero, *et al.,* in so far as all plaintiffs are concerned, will not amount to more than $25.00, regardless of the time I have to give to this case.

"The above is to take place in case the said plaintiffs should lose the case.

"However, if the said plaintiffs do win the above stated case and recover, then my compensation for acting as Master in said case is to be determined by said plaintiffs and myself, but in the event we are unable to agree, then same shall be fixed by the Court."

The stenographer's agreement with one of the plaintiffs, J. L. Avellanal, in the chancery suit was: Eight dollars per day and thirty cents per page for transcribing if plaintiff should lose the suit, and ten dollars per day and fifty cents for transcribing if plaintiffs should win and collect from the defendants. Present counsel for the parties had no knowledge of the contracts complained of.

By petition filed in the chancery suit by the defendants therein, the court was asked that the contracts made by the master and stenographer as above stated be abrogated as being contrary to public policy and void, and further:

"3rd. That the appointment of W. J. Bivens as Master to take and report the proofs in this cause be revoked, and the said W. J. Bivens be directed and required to certify and file in this cause a transcript of the testimony hereto-

fore taken on behalf of the parties to this cause, including the exhibits filed by them, and that this Honorable Court determine and fix what compensation, if any, shall be allowed to the said W. J. Bivens for his services as Master in this cause and fix and determine when and by whom said compensation shall be paid.

"4th. That the appointment of Bert E. Betts as stenographer to take and transcribe the testimony in this cause be revoked, and that the Court fix such compensation, if any, as shall be allowed the said Bert E. Betts for the services heretofore rendered by him in this cause, and when and by whom the same shall be paid.

"5th. That if the plaintiffs to this cause, or any of them fail and refuse to abrogate and surrender the two contracts hereinbefore alleged in conformity with the orders of the court in this cause, that all proofs heretofore taken in this cause by the parties thereto pursuant to the order of reference heretofore entered therein appointing the said W. J. Bivens as Special Master to take and report said proofs, be revoked and taken for naught, and the said W. J. Bivens directed by order of this Honorable Court to restore to the defendants or their counsel all such exhibits as were produced and filed by them before the said W. J. Bivens, and that the said W. J. Bivens be directed and ordered to restore to the plaintiffs or their counsel all exhibits by them produced and filed before the said W. J. Bivens, and that the court decree to be paid and restored to the defendants to this cause, and by whom, the sum of $232.40, which counsel for the defendants have heretofore paid to the said Bert E. Betts as stenographer for the services charged by him for per diem and for the original transcript written out and furnished by the said Bert E. Betts of the testimony taken on behalf of the defendants in said cause, and the sum of $122.50 paid by the defendants to R. F. Johnson,

as hereinbefore alleged, and that unless the same be paid in conformity with the orders of the court that the bill of complaint in this cause be .dismissed.

"6th. And that the court enter such further and other order or orders in this cause as may be agreeable to the usages of equity and the practice. obtaining in chancery to meet the exigencies which have arisen by virtue of the facts herein alleged."

Separate answers were filed by the master and the stenographer and by J. L. Avellanal, one of the plaintiffs in the chancery suit with whom the contract above referred to was made by the stenographer relative to the stenographer's compensation. The answers contain averments tending to show good faith and want of intent to do anything improper in making the contracts relating to the master's and stenographer's compensation for taking and transcribing the testimony in the chancery cause.

The Chancellor rendered the following decree:

"This cause came on to be heard at 3:30 P. M. on August 18, 1937, upon petition heretofore filed by the defendants alleging the entering into of certain agreements with W. J. Bivens, heretofore appointed as Master to take and report the proofs in this cause, and Bert E. Betts, the stenographer assigned by said Master who has taken and transcribed the proofs heretofore taken in this cause before said Master, by or on behalf of the plaintiffs, and alleging the illegality and impropriety of said agreements and praying for relief germane thereto, and the answers filed to said petition by W. J. Bivens, the said Bert E. Betts and J. L. Avellanal, one of the plaintiffs in this cause, and the order of the Court requiring answers to said petition and fixing the hearing thereon at this time, served as therein required. There were present Messrs. Tom Whitaker and J. W. Dupree, of counsel for the plaintiffs, and in person, J. L. Avellanal, one of

the plaintiffs; and W. F. Himes, A. A. Fernandez and R. W. Shackleford, of counsel for the defendants, and, in person, N. A. Portocarrero, one of the defendants.

"Counsel present for the plaintiffs stated to the Court that they were not parties to the obtaining of said agreements, and had no knowledge thereof until such information was acquired from the petition filed.

"The motion of the defendants to strike portions of the answer filed by the said J. L. Avellanal was presented and argued, and upon consideration thereof, it is ORDERED, ADJUDGED AND DECREED that said motion be granted and the said parts of the answer of J. L. Avellanal therein referred to be stricken as impertinent or scandalous.

"Upon the offering of the defendants to call witnesses in proof of the matters alleged in the petition, counsel for the plaintiffs stated that there was no occasion therefor as the facts alleged in said petition were admitted.

"The Court is of the opinion and finds that the two contracts alleged in the petition were and are illegal and void, and the procurement of said contracts and the continuance thereof up to the present time were and are highly improper and caluculated to bring the administration of justice into reproach and disrepute, and that the obtaining and continuance of contracts of such character should not be tolerated in this or any other court, notwithstanding the Court finds that the said W. J. Bivens, Master, and Bert E. Betts, Stenographer, became parties to and have continued to act under the terms of said agreements without corrupt motive or consicousness on their part of the impropriety of so doing, and there is no charge that the proofs heretofore submitted have been incorrectly transcribed.

"IT IS ORDERED, ADJUDGED AND DECREED that the previous order of the Court appointing W. J. Bivens to take and report the proofs in this cause, and the designation of

Bert E. Betts as Stenographer to take the proofs in this cause, be and the same are hereby revoked, and the Court of its own motion suppresses all proofs heretofore taken under the order of reference heretofore entered in this cause and directs the Master to return to the respective parties to this cause the exhibits by them respectively produced and filed before the said Master.

"It Is Thereupon Ordered, Adjuged and Decreed *that* the bill of complaint in this cause be and the same is hereby dismissed, but without prejudice, and that the defendants do have and recover of and from the plaintiffs their costs of suit in this behalf expended, which are hereby taxed in the sum of $354.90, the amount heretofore expended and paid by the defendants to Bert E. Betts and R. F. Johnson, Stenographers, for the compensation of said stenographers for proofs heretofore taken."

The plaintiffs, Jack O. Goethe, as receiver of the estate of J. R. Avellanal, deceased, Concepcion Avellanal, and Jose Luis Avellanal, filed a joint, separate and several motion for a reinstatement of the cause, containing extensive allegations in support of the motion and praying "that the court enter an order revoking its former order made on the 19th day of August, 1937, dismissing said cause, and order that said cause be reinstated; and that the court, in compliance with the prayer of the defendants' petition, as well as the answer of the plaintiff, Jose Luis Avellanal, revoke the appointment of W. J. Bivens as Special Master, and require him to sign and file the testimony heretofore taken and transcribed, together with the exhibits, with the Clerk of this Court, and that the Court revoke the appointment of Bert E. Betts, as reporter in said cause, and that the Court, thereupon appoint a new Master to proceed to take and report the testimony hereafter offered, and direct the appointment of a new reporter to take the testimony

hereafter offered and transcribe the same and that the case may regularly and properly proceed to completion."

This motion was denied by the Court.

The decree of the Court above set out is the adjudication to which the alternative writ of mandamus herein is addressed.

Counsel for the relators state the following as

"Questions involved:

"1. Where one of the parties plaintiff to a chancery cause enters into an agreement with the Special Master in Chancery with reference to the amount and payment of the Master's fees, said Master having been appointed to take and report the testimony only, and without any authority to make findings, and said Master agrees with one of the plaintiffs (or his attorney) to accept a certain stipulated amount in full payment of his fees in the event that plaintiff is unsuccessful, and in the event the plaintiff is successful in said suit that the amount would be agreed upon between plaintiffs or their attorneys and said Master and in the event of failure to agree the Court to fix the amount of said fees; does the making of such agreement under the circumstances here stated clothe the Chancellor with power and authority to arbitrarily dismiss said suit? The lower court answered this question in the affirmative by entering a decree dismissing said suit.

"2. Where the Chancellor appoints a special master to take and report the testimony without any power or authority to make findings, and the special master in turn appoints or designates a court reporter to take said testimony in shorthand and transcrbies the same; and it is established that the court reporter or stenographer so appointed has entered into an agreement with one of the plaintiffs to said cause with reference to the manner and amount of the pay-

ment of his fees for taking and transcribing the testimony on behalf of the plaintiffs; and it is further established that all of the duties performed by said special master were honestly and legally done and performed and that all the duties performed by the said court reporter or stenographer and all testimony correctly and truthfully taken down and transcribed and that no possible harm could have been suffered by any of the parties to said suit on account of the making of said agreement; does the chancellor have the authority and power to arbitrarily suppress the testimony introduced, taken down and transcribed in said cause and terminate said suit by the entry of an order dismissing the same? The lower court answered this question in the affirmative by the entering of a decree suppressing all testimony taken and dismissing said suit.

"3. Is mandamus the proper remedy where the court has arbitrarily ignored the regularly established rules of procedure and arbitrarily suppressed testimony taken in a cause and arbitrarily dismissed a pending suit?

"4. Where the record discloses that no substantial right of any third party is involved or will be affected by the entry of a peremptory writ, is it necessary to make any person a party respondent except the official against whom said peremptory writ will be directed and whose action is sought to be coerced by said proceedings?"

Counsel for the respondent argue the following propositions stated by them: Defendants in the chancery suit are necessary parties; mandamus is a discretionary writ and not a proper remedy in this case; the commands of the alternative writ are not definite; the chancellor's decree was authorized.

In their petition calling the attention of the court in the chancery suit to the contracts of the master-examiner and the stenographer-reporter relative to their compensation for

taking testimony in the chancery suit, the defendants in the suit did not pray for a dismissal of the suit or the suppression of the testimony already taken, and the court expressly stated in its decree herein set out in full that "the court finds that the said W. J. Bivens, Master, and Bert E. Betts, Stenographer, became partners to and have continued to act under the terms of said agreements without corrupt motive or consciousness on their part of the impropriety of so doing, and there is no charge that proofs heretofore submitted have been incorrectly transcribed."

The court "of its own motion suppresses all proofs heretofore taken," and dismissed the bill of complaint "but without prejudice."

These drastic provisions of the decree vitally affected the fundamental rights of the plaintiffs in the chancery suit, all but one of whom were not connected with the contracts complained of, thus imposing vicarious penalties upon parties who were not at fault and who had an organic right to a hearing on the merits of the equity suit.

All parties acquiesced in the revocation of the appointments of the master and the stenographer; and as the correctness of the testimony already taken was not challenged, and as the master and the stenographer were authorized to act only as examiner and stenographer with no quasi-judicial or other discretionary authority, such testimony already taken should not on the record as made, have been stricken, and the bill of complaint should not have been summarily dismissed, even without prejudice.

There were no proceedings in contempt; and if there had been, penalties, if any, imposed in cases like this, would properly be against the offending parties and not in the form of a denial of an organic right to be heard in a court of justice when the essential process of the court had not been violated with an evil intent. See discussion in Hovey

v. Elliott, 167 U. S. 409, 17 Sup. Ct. 841; 42 Law Ed. 215. See also Palmer v. Palmer, 36 Fla. 385, 18 So. 720.

In view of Section 4 of the Declaration of Rights and other pertinent provisions of the Florida Constitution, the court was without authority, summarily and of its own motion, to suppress the testimony referred to, or to dismiss the bill of complaint in the chancery cause, even without prejudice, on the showing made in this record; and as such action could have been prohibited for lack of power, such unauthorized action, which was not vacated on motion to reinstate, may be remedied by mandamus, the remedy by appeal in such a case as this being not entirely adequate. See State, ex rel., v. Wright, 107 Fla. 178, 145 So. 598; State, ex rel., v. Chillingworth, 122 Fla. 339, 165 So. 264; State, ex rel., v. Tedder, Judge, 123 Fla. 188, 166 So. 590; Curtis v. Albritton, 101 Fla. 853, 132 So. 677.

Upon reinstating the cause, appropriate proceedings may be had according to law.

The demurrer to the alternative writ is overruled and a peremptory writ may be issued if required.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.