STATE, *ex rel.* THE FIRST PRESBYTERIAN CHURCH OF MIAMI, FLORIDA, a non-profit corporation, v. A. E. FULLER, as City Manager of the City of Miami, and A. E. FULLER, as Director of Finance of the City of Miami.

182 So. 888.

Opinion Filed July 21, 1938.

*Lilburn R. Railey,* for Plaintiff in Error;

*J. W. Watson, Jr.,* and *E. F. P. Brigham,* for Defendants in Error.

CHAPMAN, J.—This cause is here on writ of error to an order, dated December 28, 1937, quashing an alternative writ of mandamus, as made and entered by the Circuit Court of Dade County, Florida. The only assignment of error presented and argued here is the aforesaid order. The alternative writ previously issued was directed to A. E. Fuller, as City Manager of the City of Miami, Florida, as well as A. E. Fuller, as Director of Finance of said city, directing and commanding the recall and cancellation of a

certain liquor license N. 111 issued by said City to Walgreen Drug Stores Co. to operate a retail liquor store for a period of one year after October 1, 1937; also license No. 43 dated September 28, 1937, issued to Turf Exchange Bar, Inc., and license No. 142 dated October 1, 1937, issued to the Hippodrome Cigar Store, Inc. These licenses authorized the retail sale of liquors in the City of Miami for one year next after date of issuance. The locations of Walgreen Drug Stores Co. at 200 East Flagler Street, Turf Exchange Bar, Inc., at 279 East Flagler Street, and Hippodrome Cigar Store, Inc., at 201 East Flagler Street, where liquor is being retailed or sold under the aforesaid licenses, are within three hundred feet of a Church maintained as the First Presbyterian Church of said City, which is the relator in this proceeding.

The laws of Florida authorize municipalities by ordinance to prescribe the location in municipalities where intoxicating liquors may be sold, and, pursuant to said power or authority, the City of Miami, on June 25, 1935, adopted or enacted Ordinance No. 1288, of which the material portion for the disposition of this case is Section 17 thereof, viz.:

"Section 17. That no liquor shall be sold within 300 feet of any church or school; however, this provision shall not apply to a Package Store or to those now engaged in the business of selling liquor, wines and beers, and licensed under the Ordinances of the City of Miami."

On October 25, 1937, respondents filed a motion to quash the alternative writ of mandamus on the grounds: (a) adequate remedy at law; (b) equity had jurisdiction; (c) two of the licensees were licensed prior to the passage of the ordinance; (d) two of the licensees have sold liquor prior and subsequent to January 28, 1935; (e) one of the respondents is excepted from the ordinance; (f) no clear right

to the writ; (g) respondents have no right or authority to revoke the licenses; (h) and other grounds.

The court below entered an order sustaining the aforesaid motion to quash the alternative writ of mandamus and from said order an appeal was perfected here.

One of the first questions for consideration is: Is mandamus available as a remedy to require or compel the city officials, respondents, to revoke and cancel the liquor licenses allegedly unlawfully issued by them?

The case of State, *ex rel.* Goethe, v. Parks, 131 Fla. 741, 179 So. 780, was an action in mandamus to compel a court to correct errors where it had arbitrarily ignored the regular established rules of procedure and arbitrarily suppressed testimony taken in a case, and arbitrarily dismissed a then pending case, and in holding that mandamus was the proper remedy said:

"In view of Section 4 of the Declaration of Rights and other pertinent provisions of the Florida Constitution, the court was without authority, summarily and of its own motion, to suppress the testimony referred to, or to dismiss the bill of complaint in the chancery cause, even without prejudice, on the showing made in this record; and as such action could have been prohibited for lack of power, such unauthorized action, which was not vacated on motion to reinstate, may be remedied by mandamus; the remedy by appeal in such a case as this being not entirely adequate. See State, *ex rel.* Melbourne State Bank, v. Wright, 107 Fla. 178, 145 So. 598; State, *ex rel.* Payson, v. Chillingworth, 122 Fla. 339, 165 So. 264; State, *ex rel.* Dillman, v. Tedder, Judge, 123 Fla. 188, 166 So. 590; Curtis v. Albritton, 101 Fla. 853, 132 So. 677."

The case of City of Fort Meade v. State, *ex rel.* Rose, 120 Fla. 177, 162 So. 350, was an action in mandamus to

compel the officers of said city to recognize, consider, and obey certain statutory provisions prescribing their official duties with reference to the enforcement of payment of special assessment certificates by foreclosure in equity which they refused to do, and this Court, in passing on this question, said:

"Now, under these sections of the statutes, it is clearly the duty of the governing authorities of the City of Fort Meade to enforce the payment of the special assessment certificates by foreclosure suit in equity. The moneys derived from the collection of the special assessment certificates constitute a trust fund in the hands of the City for the payment of the bonds issued against such certificates and in pursuance to the statutes referred to. Therefore, it necessarily follows that the relator has the legal right to require the City Officials to perform the duty prescribed by statute for the purpose of producing the trust fund with which to pay off and discharge his delinquent bond and delinquent bond interest coupons.

"The statutes governing the issuance of bonds constitute a part of the obligation of the bond the same as if if were written therein. That mandamus is a proper remedy to coerce the performance of the duty devolving upon the municipal authorities by statute can hardly be questioned. State v. Lehman, 100 Fla. 1313, 131 So. 533; State v. Gray, 92 Fla. 1123, 111 Sou. 242; State v. Florida East Coast R. Co., 69 Fla. 165, 67 So. 906; Merchants Broom Co. v. Butler, 70 Fla. 297, 70 So. 383; Leatherman v. Schwab, 98 Fla. 885, 124 Sou. 459; State v. Greer, 88 Fla. 249, 102 So. 739, 37 A. L. R. 1298; Welch v. State, 85 Fla. 264, 95 Sou. 751; Myers v. State, 81 Fla. 32, 87 So. 80; Johns v. County Com'rs, 28 Fla. 626, 10 So. 96; Davis v. Crawford, 95 Fla. 438, 116 So. 41; State v. Atlantic Coast Line R. Co., 53

Fla. 650, 44 So. 213, 13 L. R. A. (N. S.) 320; 12 Ann. Cas. 359; State v. Amos, 100 Fla. 1335, 131 So. 122.

"See also: State v. Helseth, 104 Fla. 208, 140 So. 655; State v. Jordan, 105 Fla. 322, 140 So. 908; Hardee v. State, 83 Fla. 544, 91 So. 909."

The charter power of the City of Miami to adopt or enact Ordinance No. 1288 is Chapter 16664, Laws of Florida, Acts of 1935. Section 17 of Ordinance No. 1288 provides that no liquor shall be sold within 300 feet of any Church or school. The motion to quash the alternative writ admits as true the allegation that Walgreen Drug Stores Co., Hippodrome Cigar Store, Inc., and Turf Exchange Bar, Inc., are each retailing liquor within 300 feet of the First Presbyterian Church of Miami and are each doing so under the licenses above mentioned. The officials of said city in issuing licenses to sell liquor were bound by the spirit and letter of Ordinance No. 1288 and when the licenses, *supra,* were issued, it was in derogation of and in a total disregard of their official duties, the licensees not having been shown to fall in the exception of Section 17, *supra.* It is clear that the licenses, *supra,* to sell liquor within 300 feet of the First Presbyterian Church were not authorized by law.

It is contended that each of the licensees here are interested parties and are not parties to the suit. The case of State, *ex rel.* Long, v. Carey, 121 Fla. 515, 164 So. 199, and Vol. 33, Corpus Juris, page 567, par. 165, are cited and relied upon. The answer to this is that from the issues presented the officers acted unlawfully in issuing each of these licenses.

It is contended that the revocation of a license is a judicial or quasi-judicial power and the licensees here have a right to be heard before the same are revoked; and State, *ex rel.* Arpen, v. Brown, 19 Fla. 563; Florida Motor Lines,

Inc., v. Railroad Commissioners, 100 Fla. 538, 129 .So. 876, are cited to sustain this conclusion. The privilege to sell liquor within the incorporate limits of the City of Miami is authorized under Ordinance No. 1288, and the power to adopt or enact the said Ordinance was granted by Chapter 16674, Laws of Florida, Acts of 1935. The privilege to sell liquor under the licenses here was granted under the provisions and regulations prescribed by law, namely, that the same should not be sold within 300 feet of a church or school. The licenses were issued subject to all lawful regulations and the holder, or holders, thereof are presumed to know the provisions and regulations controlling the sale of liquor. The power to revoke the licenses under the ordinance, it is true, was vested in the Municipal Judge of said City, but this power is not exclusive. These regulations may be increased or withdrawn at the discretion of the Legislature, and persons engaged in the liquor business, or about to become engaged therein, do so with a full knowledge of the power of the Legislature to make further and other regulations as its judgment and discretion shall dictate. It is not a violation of the vested rights of the licensees here to further regulate or cancel the licenses previously issued. See Newsom v. City of Galveston, 76 Tex. 559, 13 S. W. 368, 7 L. R. A. 797; City of Portland v. Cook, 48 Ore. 550, 87 Pac. 772, 9 L. R. A. (N. S.) 733; Boston Beer Co. v. Massachusetts, 97 U. S. 25, 24 L. Ed. 989; Scalise v. State Liquor Authority, 289 N. Y. Sup. 939, 160 Misc. 390; Bishoff v. State, 43 Fla. 67, 30 So. 808; Smyth v. Butters, 38 Utah 151, 112 Pac. 809, 32 L. R. A. (N. S.) 393; Claussen v. City of Luverne, 103 Minn. 491, 115 M. W. 643, 15 L. R. A. (N. S.) 698; *Ex parte* Vaccarezza, 52 Tex. Cr. Rep. 105, 105 S. W. 1119; Wallace v. City of Reno, 27 Nev. 71, 73 Pac. 528, 63 L. R. A. 337, 103 Am. St. Rep. 747; *Ex parte* Woodward, 181 Ala. 97,

61 So. 295; Gillesby v. Board of Commissioners of Canyon County, 17 Idaho 586, 107 Pac. 71; *In re:* Hering, 196 N. Y. 218, 89 N. E. 450; Crumbach v. Lelande, 154 Cal. 679, 98 Pac. 1059.

The case of Whittemore v. Town Clerk of Falmouth, Mass., 12 N. E. (2nd) 187, was an action in mandamus to compel the rescission of a minute or proceeding of the City Council of said City amending its said Zoning Ordinance. The statutes of said State provided that no zoning ordinance shall be altered, amended or changed by the City Council "without a public hearing on the subject and the submission of a final report with recommendations by the planning board." Thus a condition precedent is established and required prior to the proposed alteration or amendment in the said zoning ordinance. The court held that the minute or proceeding of the said City Council was invalid because of its failure to follow the provisions of the Massachusetts statutes, and said:

"* * * The word 'recommendation' in its context in this statute connotes advice based upon information and enlightenment elicited at a public hearing and upon study and reflection, to ascertain the wisest course for the town to pursue. It means that a permanent board of public officers whose duties relate to the study of means of improvement of general living conditions shall make a preliminary investigation and report with recommendations before the town may take action. The conclusion is that the amendment to the zoning by-law was invalid because the planning board did not make a report 'with recommendations' as required by the governing statute."

The case of Pettegell v. Alcoholic Beverages Control Com'n, Mass., 4 N. E. (2nd) 324, was a mandamus suit to require named city officials of Salisbury, Massachusetts, to inquire into and to exercise their power of revocation

and cancellation of an excess of seasonal liquor licenses unlawfully issued and held the proper remedy was mandamus to compel an investigation into and to revoke and cancel licenses unlawfully issued.

Board of Trustees of Leland Stanford Junior University v. State Board of Equalization, 1 Cal. 784, 37 Pac. (2nd) 84, was a mandamus suit to compel and require the annulment and cancellation of a license to sell liquor by the California Avenue Pharmacy in Palo Alto. It was contended that the license so issued was null and void and in direct violation of Section 172a of the Penal Code, which prohibited the sale of liquor within one and one-half miles of the grounds of Stanford University. It was stipulated that the California Avenue Pharmacy at Palo Alto was 0.7 miles in the usual course of travel (but less in a straight line) from the nearest point on the boundary of the aforesaid campus. The stipulation of facts brought the distance and the case within the application of Section 172a of the Penal Code. The Supreme Court of California, in ordering a cancellation and annulment of said license, said:

"Rule 3 (b) of the respondent board of equalization reads: 'No license of any character will be issued for premises located within any area in which such establishments are prohibited by law because of proximity to State prisons and Federal institutions and schools and construction camps engaged in public works.' As the licensed place of business in this case is located in territory in which the sale of intoxicating liquor is prohibited by law, the respondent Board of Equalization granted an illegal and void license to the California Avenue Pharmacy, permitting it to sell intoxicating liquor. Great Western Power Co. v. Supervisors, 21 Cal. App. 146, 131 P. 88; District of Columbia v. Wilson, 44 App. D. C. 265. It is therefore the

duty of the board of equalization to cancel and annul the license.

"Petitioner cannot attain the end sought in this proceeding through the issuance of a writ of certiorari, which will issue only to review the action of an inferior tribunal, board, or officer exercising judicial functions, which has exceeded its jurisdiction. Code Civ. Proc., Sec. 1068. Acts simply ministerial in their nature, and in no sense judicial such as the granting of the license by the respondents in this case, cannot be reached by a writ of review. Traffic Truck Sales Co. v. Justice's Court, 192 Cal. 377, 381, 220 P. 306. Under the circumstances here presented the petition and the agreed statement of facts filed in lieu of an answer, we are of the opinion that the situation can be, and, because of its importance to the student body at Stanford University, should be, reached forthwith. The California Avenue Pharmacy cannot lawfully carry on the business of selling intoxicating liquor. A court of equity has full authority to and may close the place or prevent the sale of intoxicating liquor on the premises by order of court and a writ of injunction. George v. Travis, 185 Mich. 597, 152 N. W. 207, L. R. A. 1915E, 408; Cheney v. Coughlin, 201 Mass. 204, 87 N. E. 744. But while the petition here may have demanded the wrong relief, there is no reason why, with all the facts before us, the court should not give such appropriate relief as the record warrants. Van Hoosear v. Railroad Commission, 189 Cal. 228, 207 P. 903; Traffic Truck Sales Co. v. Justice's Court, *supra;* Swim v. Superior Court, 193 Cal. 539, 544, 226 P. 2; Finn v. Butler, 195 Cal. 759, 235 P. 992; A. G. Col Co. v. Superior Court, 196 Cal. 604, 613, 238 P. 926. This Court has original jurisdiction, conferred by the Constitution, to issue writs of mandate. See Const. Art. 6, Sec. 4. As we are of the opinion that the license issued by respondent

State Board of Equalization to the California Avenue Pharmacy to sell intoxicating liquor in Palo Alto and within one and one-half miles of the grounds and campus of Leland Stanford Junior University, should be cancelled and annulled, let a writ of mandate issue forthwith requiring the respondent board to cancel and annul the same."

The alternative writ of mandamus shows that the Walgreen Drug Stores Co., under a liquor dealer's license No. 111 for the period from October 1, 1937, to September 30, 1938, operated at 200 East Flagler Street; the Turf Exchange Bar, Inc., under a liquor dealer's license No. 43 for the period from October 1, 1937, to September 30, 1938, operated at 279 East Flagler Street; the Hippodrome Cigar Store, Inc., under a license No. 142 for the period from October 1, 1937, to September 30, 1938, operated at 201 East Flagler Street. Each of these licenses was issued by the officials of the City of Miami to sell liquor within 300 feet of the First Presbyterian Church of the City of Miami. These licenses were issued in derogation or violation of Ordinance No. 1288 of the City of Miami and unauthorized. The alternative writ presents here a clear case for cancellation or annulment of each of the said licenses so unlawfully issued. The order of the lower court sustaining the motion to quash the alternative writ of mandamus appealed from is hereby reversed.

WHITFIELD, BROWN and BUFORD, J. J., concur.

ELLIS, C. J., not participating.